Argued January 7, reversed and remanded January 30, 1963

# WOLFF *v.* DU PUIS
378 P. 2d 707

318

*Edwin J. Peterson,* Portland, argued the cause for appellant. With him on the briefs were Tooze, Powers, Tooze, Kerr & Morrell, Portland.

*Robert E. Jones,* Portland, argued the cause for respondent. With him on the brief were Anderson, Franklin, Jones & Olsen, Portland.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and Lusk, Justices.

GOODWIN, J.

This is an action for damages for loss of consortium, brought by a husband whose wife was injured in an

automobile collision. The defendant appeals from a judgment which awarded damages to the husband upon a verdict directed in his favor on the score of liability.

The trial court held that inasmuch as the plaintiff's wife earlier had been awarded damages in an action arising out of the same collision, the issues of negligence and contributory negligence were *res judicata*. The jury was accordingly instructed that it need concern itself solely with the amount that would compensate the plaintiff for his loss of consortium. This instruction is assigned as error.

The question is one of first impression in Oregon. In California, where community-property considerations are relevant, the courts have found the husband and wife to be in privity (in their personal property) and have reached a result similar to that reached by the trial court in the case at bar. See, e.g., *Zaragosa v. Craven*, 33 Cal2d 315, 202 P2d 73, 6 ALR2d 461 (1949). However, such cases are not particularly instructive in this state, where privity in the collateral-estoppel context does not necessarily exist merely because two persons are married to each other.

It is argued in support of the trial court's ruling that an action to recover for the inconvenience of having one's spouse injured is a derivative action; i.e., that the cause of action is a parasitic one, drawing whatever vitality it may have from the right of the injured spouse to recover against the wrongdoer. While the question has never been squarely presented to this court, we believe the rule to be otherwise. We have observed that the statutory right (ORS 108.010) of a wife to sue for loss of consortium is nothing more nor less than the equivalent of the common-law right of the husband to bring an action *per quod consortium*

*amisit.* See *Ellis v. Fallert et al,* 209 Or 406, 411, 307 P2d 283 (1957).

■■ At common law, the cause of action which a husband and father had for the loss of services of a wife, a child, or a servant, was an independent and not a derivative right. *Hitaffer v. Argonne Co.,* 183 F2d 811, 23 ALR2d 1366 (DC Cir 1950), cert. den., 340 US 852, 71 S Ct 80, 95 L Ed 624, overruled on another point in *Smither and Company, Inc. v. Coles,* 242 F2d 220, 221 (DC Cir 1957), cert. den., 354 US 914, 77 S Ct 1299, 1 LEd2d 1429. Cf. *Kosciolek v. Portland Ry., L. & P. Co.,* 81 Or 517, 524, 160 P 132 (1916). The wrong to the husband or master lay in the inconvenience of having a tort victim on his hands. The right to recover for this wrong was independent of any right the victim of the personal injury may have had. See *Womach v. St. Joseph,* 201 Mo 467, 100 SW 443, 10 LRA (ns) 140 (1907), and Prosser, Torts 702, § 104 (2d ed, 1955). We hold that the cause of action for loss of consortium in favor of the spouse of an injured person is an independent action which stands on its own footing.

The husband's cause of action being independent of and separate from the wife's right to recover for bodily injury, it would follow, in the absence of compelling policy considerations to the contrary, that issues decided between one set of parties should not be considered *res judicata* between other parties in subsequent actions arising out of the same alleged acts of negligence. See *Gilman v. Gilman,* 115 Vt 49, 51 A2d 46 (1947), and cases noted in Annotation, 23 ALR2d 710, 735 (1952).

■ Collateral estoppel requires identity of parties, or their privies, together with identity of one or more issues necessarily disposed of in the earlier of the

two trials. Where an issue of fact, essential to the judgment, is actually litigated and determined by a valid final judgment, that determination is conclusive between the parties and their privies. Restatement, Judgments, § 68 (1) (1942). Since it appears to be well settled that the husband and wife are not necessarily in privity, the essential element of privity must be found, or collateral estoppel lacks one of the legs upon which it must stand.

The trial court, like other courts which have reasoned that a question of liability once tried should be given the effect of collateral estoppel in cases of this character, took the position that whether or not the husband and wife are in privity in the classical sense of the word, their interests in the litigation are so closely interrelated that one trial ought to be enough. See, e.g., *Barbour v. Great Atlantic & Pacific Tea Company,* 143 F Supp 506 (DC Ill 1956); *Stephens v. Snyder,* 65 Ga App 36, 14 SE2d 687 (1941); *Maxson v. Tomek,* 244 App Div 604, 280 NY Supp 319 (1935).

An able jurist has said "that a man having had his day in court is collaterally estopped by the judgment rendered in the lawsuit as against his opponent. He is likewise estopped as to persons sufficiently close to that opponent to make it fair to have the estoppel run against them also * * *. Privity states no reason for including or excluding one from the estoppel of a judgment. It is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata." Goodrich, Circuit Judge, concurring, in *Bruszewski v. United States,* 181 F2d 419, 423 (3d Cir 1950). While we are inclined to concur in the view of Judge Goodrich, it does not follow that we may entirely ignore the want of privity in cases

of this character. We must decide whether there is a valid basis in the case at bar for finding some kind of privity even under the liberal definition set forth above.

■ The Restatement defines privity as a word which expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties. The word "privity" includes those who control an action although not parties to it; those whose interests are represented by a party to the action; and successors in interest to those having derivative claims. Restatement, Judgments 389, § 83. None of the classes of interest there characterized as creating privity exist in a case of the kind now before us. See Restatement, Judgments, § 93 (b), *Comment d., Illustrations 8* and *9.*

■■ Whether we use the idea expressed by Judge Goodrich that there must be sufficient proximity between the interests of the two persons to make it fair to estop one with a judgment for or against the other, or use the three-fold idea found in the Restatement, there can be no such privity between persons as to produce collateral estoppel unless the result can be defended on principles of fundamental fairness in the due-process sense. A trial in which one party contests his claim against another should be held to estop a third party only when it is realistic to say that the third party was fully protected in the first trial. We do not believe the assumption is warranted that the rights of a wife or a husband are necessarily protected in any trial by one of them against a third party merely because the first spouse chooses to litigate during coverture.

In a case of this character, the policy considerations which favor collateral estoppel, i.e., the desire to expedite and terminate litigation, come into conflict with the policy in favor of giving every litigant a *bona fide* day in court. It may well be that separate trials can lead to abuse and inconvenience, but such arguments do not meet the equally cogent argument that the two spouses have different interests to protect, and may very properly approach their respective trials with different witnesses, different lawyers, and different theories.

As a matter of abstract public policy, and, indeed, of common sense, there is much to be said for the proposition that one trial is enough. Assuming the desirability of combining the two cases in one trial, before one jury, the solution lies in a joinder procedure, rather than in collateral estoppel. Joinder would insure the right of each party to protect his own interest. That matter, however, is one for the legislature. For this court to attempt to reduce litigation by creating an exception to the law of collateral estoppel would tend to make the remedy worse than the disease. There would still be two trials in many cases, one of which might be justly characterized as unfairly prejudged.

Other questions have been presented in the briefs and arguments but will not be discussed. One invites an advisory opinion. Others concern matters which are now moot. We have concluded that there was error in withdrawing the question of negligence from the jury. The defendant is entitled to a new trial.

Reversed and remanded.

SLOAN, J., does not concur in that part of the opinion which refers to joinder of parties and causes of action.