Argued February 5, affirmed February 20, 1963

# RAZ *v.* MILLS
378 P. 2d 959

*Warren Hastings,* Portland, argued the cause for appellant. With him on the briefs were James K. Buell and Phillips, Coughlin, Buell & Phillips, Portland.

*Francis E. Marsh,* McMinnville, argued the cause for respondent. With him on the brief were Marsh, Marsh, Dashney & Cushing, McMinnville.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, GOODWIN and LUSK, Justices.

PER CURIAM.

This is an action for damages arising out of a collision between two automobiles. The verdict was for the defendant. The plaintiff appeals.

The facts of the accident are reported in *Raz v. Mills,* 231 Or 220, 372 P2d 955 (1962). In the first case, Mrs. Raz recovered a judgment against Mrs. Mills. We affirmed, holding that there was a jury question whether Mrs. Mills was negligent. In the case at bar, Mr. Raz failed to recover. We affirm, again holding that there was a jury question.

■ The plaintiff contends that Mrs. Mills was negligent as a matter of law in permitting her automobile to cross over the center line into the lane occupied by the plaintiff's automobile. We held in the first case that the total factual situation, including an alleged emergency caused by a jay-walking pedestrian, and the defendant's reaction thereto, had to be considered by the jury. We adhere to that view.

454

■■ Error is assigned to the giving of an instruction upon the defendant's theory that the accident was unavoidable. As we have observed before, the instruction is not one that should be given in the ordinary case. *Locatelli v. Ramsey,* 223 Or 238, 243, 354 P2d 317 (1960); *Ordeman v. Watkins,* 114 Or 581, 236 P 483 (1925). However, in a case in which the defendant contends that a sudden emergency was caused by a third party, the emergency involving no fault of the defendant, the trial court may, in its discretion, give so much of the sudden-emergency and unavoidable-accident *instructions as are* supported by the evidence. See *Locatelli v. Ramsey,* supra, and Annotations, 65 ALR2d 12, 32-34 (1959) (accident); 80 ALR2d 5 (1961) (emergency).

■ The final assignment of error contends that the trial court should have directed a verdict for the plaintiff because the judgment in the first case was conclusive on the question of the defendant's liability. We have found no authority to support the proposition that a plaintiff in an action for damages for his own injuries can treat as *res judicata* a finding in favor of some other plaintiff against the same defendant. In such cases, the stranger to the first action is not bound by the judgment therein. Therefore, because of the want of mutuality, neither can he claim the benefit thereof. See *Owens v. Kuro,* 56 Wash2d 564, 354 P2d 696 (1960). Cases elsewhere are collected in the Annotation, 23 ALR2d 710, 714 (1952).

■ Neither can the related concept of collateral estoppel apply to the case at bar. In *Wolff v. Du Puis,* 233 Or 317, 378 P2d 707 (1963), we held that one who had urged his freedom from negligence in an action by an injured woman was not collaterally estopped by an unfavorable judgment from again asserting

his freedom from negligence in an action by her husband for loss of consortium. *A fortiori,* the defendant here is not collaterally estopped. The two actions now under discussion have even less in common than had the two in the *Wolff v. Du Puis* litigation. See, generally, Collins, *Collateral Estoppel in Favor of Nonparties: A Defendant's "Fringe Benefit",* 41 OLR 30 (1961).

The cause was submitted upon instructions which, when taken as a whole, presented impartially the plaintiff's and defendant's theories of the case. The jury reached a verdict different from that reached by another jury considering the same accident. In the first case we held that a jury question was presented because reasonable minds might differ upon the question of negligence. Apparently reasonable minds have differed. There was no error of law.

Affirmed.