Argued July 8, affirmed in part, reversed in part, and remanded
September 10, 1971

GAUL ET AL, *Appellants, v.* TOURTELLOTTE,
*Respondent.*
488 P2d 416

*John S. Marandas,* Portland, argued the cause for appellants. With him on the briefs was Martin Schedler, Portland.

*Denny Z. Zikes,* Portland, argued the cause for respondent. With him on the brief were McCarty & Swindells, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE and HOWELL, Justices.

## HOLMAN, J.

Plaintiff Teresa Gaul, sister of co-plaintiff Willard Gaul, was operating an automobile they jointly owned when it collided with a vehicle driven by defendant. They brought this negligence action to recover for the damage to their vehicle, and defendant counterclaimed for personal injuries. Each side pleaded that the other was collaterally estopped to recover its loss because of alleged determinations of negligence between Teresa and defendant in prior litigation which arose from the same accident. Trial was before the court without a jury on the issue of the alleged estoppels only. Plaintiffs appealed from an adjudication that all parties were estopped to assert their claims. Defendant did not appeal.

In the prior litigation, which is the basis for the respective claims of estoppel, Teresa brought an action against defendant for damages resulting from personal injuries which Teresa claimed to have suffered in the accident. Defendant there also counterclaimed for her own injuries and each party claimed the other was negligent. The jury in that case returned a simple verdict for defendant, thus allowing neither party a recovery.

By their appeal in the present case, plaintiffs attack not only the trial court's conclusion that Teresa is estopped by the determination in the prior action

from pursuing the issue of defendant's liability, but also the trial court's holding that Willard is in privity with Teresa and, therefore, similarly estopped. We will first examine the question of whether Teresa is estopped.

■ Under the provisions of ORS 16.220 (h)①, separate actions may be brought to recover for injuries to person and property which arise out of the same occurrence. *Winters v. Bisaillon,* 153 Or 509, 57 P2d 1095, 104 ALR 968 (1936). Therefore, the second action, not being upon the same claim or demand as the first, raises a question of collateral estoppel and not one of res judicata. *Bahler v. Fletcher,* 257 Or 1, 4, 474 P2d 329 (1970).

■ The doctrine of collateral estoppel grants finality only to facts which were actually or necessarily adjudicated in the prior action. *Burnett v. Western Pac. Ins. Co.,* 255 Or 547, 556, 469 P2d 602 (1970); *State v. George,* 253 Or 458, 463, 455 P2d 609 (1969); *State of Oregon v. Dewey,* 206 Or 496, 504, 292 P2d 799 (1956). In making the determination whether certain facts were adjudicated in the first case, it is proper, and often necessary, to examine the evidence and the instructions of that action, as well as its judgment order and pleadings. *Burnett v. Western Pac. Ins. Co., supra* at 556; *State v. George, supra* at 464; *State of Oregon v. Dewey, supra* at 505 and 511-12.

The relevant issues in the first litigation were: 1) was Teresa injured? 2) was defendant negligent? 3) were Teresa's injuries the result of defendant's

---

① ORS 16.220: "The plaintiff may unite several causes of action in the same complaint when they all arise out of:

"* * * * *.

"(h) Injuries both to the person and property, when caused by the same wrongful act or omission."

negligence? 4) was Teresa contributorily negligent? It is obvious that, if Teresa was actually injured as a result of the accident, the jury in the first case failed to find in her favor because it found either she was negligent or the defendant was not. Either determination would estop Teresa from recovering her property damage in this case.

An examination of the pleadings and testimony in the first case discloses that plaintiff pleaded she was injured as the result of the accident and that the medical witness for defendant testified that in his opinion Teresa received injuries to her back and to her thumb. In addition, he testified it was probable that she had suffered a cracked rib. Plaintiffs now take the position that such injuries were of little consequence, and, therefore, the jury could have found that Teresa was not injured. Plaintiffs' position is strikingly different from that taken by Teresa in her personal injury complaint where she requested damages in the sum of $7,500. In any event, we find the record in the first case forecloses the possibility that the jury found Teresa was not entitled to recover because she was not injured.

Moreover, no basis appears in the first case for the jury to have found that Teresa's injuries were not the result of the accident. The testimony of defendant's doctor in that case discloses a history of injury in the accident which was in conformance with Teresa's pleadings. We should have before us the full testimony in the first case, but, we do not. However, it is apparent from the trial record in the present case that the real dispute is not whether the jury in the first case could have found for defendant because Teresa's injuries did not result from the accident, but, whether

it could have done so in the belief that she was un-injured.

■ The only conclusion the jury could have reached in the first case was that the defendant was not negligent or that Teresa was contributorily negligent. In either event, Teresa is estopped from recovering in the present litigation. The case of *Winters v. Bisaillon, supra,* presents an almost exact duplication of the present factual situation insofar as Teresa is concerned. In *Winters* there was an accident between an ambulance and another vehicle. The driver of the ambulance unsuccessfully sought recovery for his personal injuries in an action in which the defendant pleaded contributory negligence. The ambulance driver then attempted to recover for the damage to his vehicle in a subsequent action. The trial court in the second action was of the opinion that the issues of negligence and contributory negligence had been previously adjudicated in favor of defendant and estopped plaintiff from maintaining his property damage claim. Upon plaintiff's appeal, this court said:

"Since, under the statute, separate actions may be brought to recover for injury to person and to property, the judgment rendered in the personal injury action is not an absolute bar to the prosecution of the action for injury to the ambulance. Nevertheless, the former adjudication is conclusive as to the material issues of fact actually litigated in the prior action. Apparently plaintiff has misconceived the ruling of the court based on former adjudication of the vital issues of negligence. The verdict reached in the personal injury case was necessarily predicated upon the finding either that plaintiff was guilty of contributory negligence or that defendant was not negligent, in view of the fact that the uncontradicted evidence showed that plaintiff's injuries were the proximate result of the ac-

cident. This is the only reasonable deduction that can be made from the record before us. As stated in Freeman on Judgments (5th Ed.) § 693:

> " 'Matters which follow by necessary and inevitable inference from an adjudication because the judgment could not have been rendered without determining them are as effectually concluded thereby as though specifically and in terms adjudicated.' " *Winters v. Bisaillon,* 153 Or 509 at 512-13.

■■ The next question is whether Willard is bound by the adjudication in the first case. Collateral estoppel can be applied only when it is realistic to say that the party against whom it is sought to be asserted was adequately protected in the first trial and therefore received due process. *Wolff v. Du Puis,* 233 Or 317, 322, 378 P2d 707 (1963). Therefore, collateral estoppel may be invoked only *against* someone who was a party, or who was in privity with a party, to the first action. Thus, Willard, not having been a party to the first action, can only be bound by the adjudication made there if he was in privity with Teresa. Individuals in privity with named parties include those who control an action though not a party to it; those whose interests are represented by a party to the action; and successors in interest to those having derivative claims. *Wolff v. Du Puis, supra* at 322. Restatement 389, Judgments § 83, comment *a*.

■ It is our opinion that if we were to estop Willard, he would not have received his day in court and an adequate opportunity to protect his interest in the vehicle. There is nothing about a relationship between brother and sister, in itself, which gives one the power to control the other's litigation. Willard had no interest in or control of his sister's prior case concerning her personal injuries and there is no reason why he should be bound by its outcome.

The case of *Wolff v. Du Puis, supra,* is strikingly similar to the present case. In *Wolff,* a woman injured in an automobile collision brought a successful action against defendant to recover for her injuries. Thereafter, her husband brought his suit for loss of consortium, contending that defendant could not relitigate his responsibility for the accident since that issue had been adjudicated in wife's favor in the prior case. At the time this court considered *Wolff,* Oregon required mutuality for the application of collateral estoppel; that is, a party who asserts estoppel should be one who would himself be subject to estoppel if the prior litigation had resulted in an opposite determination. Hence, it was important to decide in *Wolff* whether there was privity between the husband and wife and, therefore, whether husband would have been bound by facts necessarily decided in the earlier case had wife been unsuccessful.[2] This court held the assumption to be unwarranted that the rights of one spouse are necessarily protected in an action by the other against a third party merely because of litigation during coverture and, consequently, did not find privity. If the marital relationship, *without more,* does not give rise to sufficient interest or control in one spouse of the other's litigation to require the application of the doctrine of privity, certainly the relationship of brother and sister does not require its application either.

■ Defendant contends that all joint owners of a chattel must join in an action against the wrongdoer

---

[2] That part of Wolff v. Du Puis which impliedly required mutuality in the application of collateral estoppel was overruled by Bahler v. Fletcher, 257 Or 1, 474 P2d 329 (1970). However, this did not reflect on the court's holding relative to the elements of privity.

for its damage, and, therefore, Willard cannot prosecute this action alone. The policy behind the rule of which defendant seeks to avail herself is to prevent multiple litigation stimulated by fractionalized interests in the damaged article. The rule is not offended by permitting Willard to maintain an action for the damage to his interest in the vehicle, because Teresa is estopped from asserting her claim for the damage to her interest and no multiple litigation over the damage can therefore occur.

The judgment of the trial court is affirmed insofar as it estops Teresa from pursuing the action for the damage to her interest in the vehicle and it is reversed insofar as it estops Willard from proceeding with the action in an attempt to recover his damage. The case is remanded for further proceedings in accordance with this opinion.