Argued March 5, affirmed May 20, 1976

SNODGRASS, *Respondent,*
*v.*
GENERAL TELEPHONE COMPANY OF THE
NORTHWEST, INC., *Appellant.*

549 P2d 1120

*William H. Poole,* Portland, argued the cause and filed a brief for appellant.

*Raymond J. Conboy,* Portland, argued the cause for respondent. With him on the brief were Frank Pozzi, and Pozzi, Wilson & Atchison, Portland.

Before Holman, Presiding Justice, and Howell, Bryson, and Thornton, Justices.

HOLMAN, J.

**HOLMAN, J.**

Plaintiff brought an action for loss of consortium resulting from injuries sustained by her husband through the alleged negligence of defendant. Plaintiff's husband had previously obtained a judgment against defendant for damages for his personal injuries. In the present case the trial court ruled the defendant was collaterally estopped from contesting the issues of negligence and liability and submitted only the issue of damages to the jury. Defendant appeals from the judgment.

The parties submitted an agreed statement of facts. Plaintiff's husband as the operator of one vehicle and an employee of defendant as the operator of another were involved in an automobile accident. The husband brought an action for his injuries and received a judgment against defendant which was entered upon a jury verdict. The jury actually determined that defendant's employee was negligent and that the negligence was the proximate cause of the husband's injuries. The judgment has become a final judgment.

Defendant advances two contentions in support of its position that the trial court erred in applying collateral estoppel. The first is that a husband and wife should be considered in "privity," at least with respect to actions for personal injury and loss of consortium arising out of the same occurrence, for the purpose of applying the principles of res judicata and collateral estoppel. We have difficulty perceiving the relevance of this suggestion for, even if we were to overrule our prior cases holding that a husband and wife in their respective actions are *not* in privity solely by virtue of the marital relationship,[1] the ruling would have no effect on the outcome of this case because defendant

[1] The principal case is *Wolff v. Du Puis,* 233 Or 317, 321-22, 378 P2d 707 (1963). *Wolff* was overruled insofar as it impliedly required mutuality for the application of preclusion, *Bahler v. Fletcher,* 257 Or 1, 21, 474 P2d 329 (1970), but its holding concerning privity still stands. *See also Gaul v. Tourtellotte,* 260 Or 14, 21, 488 P2d 416 (1971).

*lost* the case brought against it by plaintiff's husband instead of winning it.

■ The agreed facts state that the judgment necessarily determined that defendant was negligent and that such negligence was the proximate cause of the injury. Defendant does not contend that it lacked a full and fair opportunity to contest the issues in that action, nor does it assert any other circumstances indicating the application of estoppel would work an injustice. All the elements necessary for the application of preclusion are present, *Bahler v. Fletcher,* 257 Or 1, 19-20, 474 P2d 329 (1970), irrespective of whether the estoppel is asserted by a nonparty or one in privity with the winning party in the prior litigation.

■ Defendant's second contention is that collateral estoppel should not be applied because a husband and wife should be compelled to join their respective actions. We take this to mean that the failure of plaintiff to join as a party in her husband's action should provide a sufficient basis for withholding the benefits of preclusion, *see Bahler v. Fletcher, supra* at 18, for we do not have the authority to "compel" joinder in situations where the legislature has not provided for joinder. *Wolff v. Du Puis,* 233 Or 317, 323, 378 P2d 707 (1963). Defendant apparently contends that joinder could have been effected under ORS 13.110, but that statute provides only for joinder of indispensable parties. Plaintiff's cause of action for loss of consortium was separate and independent of the husband's action for personal injuries, *Wolff v. Du Puis, supra* at 320, and her presence was not necessary for a "complete determination" of the controversy between her husband and defendant. There was no provision in force at the time of trial which would have permitted plaintiff to join as a party in her husband's action. *See Pick v. Pick,* 219 Or 247, 249-51, 345 P2d 805 (1959).[2]

The judgment of the trial court is affirmed.

---

[2] We note that under ORS 13.160, enacted by the 1975 Legislative Assembly, permissive joinder is now authorized.