Argued June 20, reversed and remanded July 16, 1979

HAMERSLY et ux,
*Appellants,*

*v.*

TRANSAMERICA TITLE INSURANCE
COMPANY,
*Respondent.*

(No. A7807-11012, CA 13109)

597 P2d 849

Donald E. Huffman, Milwaukie, argued the cause for appellants. With him on the briefs was Walter A. Barnes, Milwaukie.

Janice M. Stewart, Portland, argued the cause and file the brief for respondent.

Before Schwab, Chief Judge, Lee, Gillette, and Campbell, Judges.

GILLETTE, J.

**GILLETTE, J.**

Plaintiffs appeal a trial court ruling granting summary judgment for defendants based upon the doctrine of collateral estoppel. We reverse.

This is the second of two proceedings arising out of a dispute over the transfer by plaintiffs of an interest in a certain parcel of land to a Mr. and Mrs. McClelland. The first proceeding (hereafter called the "McClelland" case) was a suit to reform the transfer instrument. The complaint alleged an agreement between plaintiffs and the McClellands to create an easement granting an access to certain property. The complaint further alleged that, contrary to the intent of plaintiffs and McClellands, an instrument was prepared by another party (Transamerica, the defendant here) which made one part of the boundary of the parcel 200 long feet instead of the mutually agreed upon 100 feet. The McClelland case was tried on the merits and resulted in a decree for the McClellands which made no special findings of fact but instead recited that plaintiffs had "* * * not sustained the burden of proof."

Plaintiffs then instituted the present proceeding against defendant Transamerica, alleging that Transamerica prepared the deed in question contrary to instructions from plaintiffs, that the instrument was signed, that the area conveyed by the instrument was four times as large as that intended, and that as a result plaintiffs were damaged in the amount of $18,500.00. By their answer, defendants raised the defense of collateral estoppel based on the McClelland case.

Defendants thereafter filed a motion for summary judgment pursuant to ORS 18.105. The motion was supported by certified copies of the pleadings and the decree in the McClelland case. Plaintiffs filed no affidavits or other countering material. The trial court then granted to defendants summary judgment by an

order which recited that "* * *[P]laintiffs have had their day in court in the prior [McClelland] case * * * *"

Upon examination of the record here, we find there was insufficient evidence before the trial court to permit it to grant judgment based upon collateral estoppel. Based solely upon the pleadings and decree in the McClelland case—which was all the trial court had before it—it cannot be determined that the "failure of proof" in that case was premised upon any finding which would exonerate Transamerica in the present case. The trial court could, for example, have determined that plaintiffs were not entitled to a decree to reform the instrument because the mistake as to the content of the instrument was unilateral, not mutual.

> "The doctrine of collateral estoppel grants finality only to facts which were actually or necessarily adjudicated in the prior action. *Burnette v. Western Pac. Ins. Co.,* 255 Or 547, 556, 469 P2d 602 (1970); *State v. George,*253 Or 458, 463, 455 P2d 609 (1969); *State of Oregon v. Dewey,* 206 Or 496, 504, 191 P2d 799 (1956). In making the determination whether certain facts were adjudicated in the first case, it is proper, and often necessary, to examine the evidence and the instructions of that action, as well as its judgment order and pleadings. *Burnette v. Western Pac. Ins. Co., supra* at 556; *State v. George, supra*at 464; *State of Oregon v. Dewey, supra* at 505 and 511-512." *Gaul v. Tourtellotte,* 260 Or 14, 17, 488 P2d 416 (1971).

It may be that defendants here would be entitled to summary judgment if the entire record of the prior case were before the trial court. *See Gaul v. Tourtellotte, supra.* At this point, however, they have failed to produce sufficient evidence to support the trial court's action.

The order granting summary judgment is reversed, and the case is remanded for further proceedings.