Argued and submitted February 18,
reversed and remanded May 11, 1981

MYHRAN,
*Respondent,*
*v.*
GENERAL TELEPHONE COMPANY OF
THE NORTHWEST, INC.,
*Appellant.*

(No. 45-085, CA 18456)

628 P2d 402

Lee C. Nusich, Portland, argued the cause for appellant. With him on the briefs were Donald C. McClain, and Whipple, Johansen & McClain, Portland.

Carrell F. Bradley, Hillsboro, argued the cause for respondent. On the brief was William H. Stockton, Hillsboro.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals from an order granting a summary judgment in favor of plaintiff. We reverse and remand.

The following facts are the only facts in the record and are undisputed. On or about August 4, 1978, a collision occurred at an intersection in Beaverton, Oregon, between a vehicle operated by the plaintiff, Michael Myhran, and a vehicle operated by one Carlotta Goodson. Goodson subsequently sued the defendant herein, General Telephone Company, alleging the telephone company had been negligent in certain particulars which caused the collision between Goodson and Myhran.[1] The telephone company, as a third-party plaintiff, sued Myhran for contribution, alleging that Myhran had negligently caused or contributed to the cause of the collision. In answer to the third party complaint, Myhran affirmatively alleged that the telephone company had been contributorily negligent as charged by Goodson and that Goodson herself had also been contributorily negligent. Myhran did not file a counterclaim for his damages.

The Goodson case went to trial, and the jury by special verdict found that General Telephone was 100 percent at fault in causing the collision and that Goodson and Myhran were not negligent in any respect. Judgment was entered in favor of Goodson in the amount of $40,000.

Thereafter Myhran commenced this action to recover damage to his car. In his complaint, he alleges the above facts relating to the Goodson litigation, the outcome of that lawsuit, that the same parties and issues are involved in the present action and that the former adjudication "is collateral estoppel so far as the fault and cause of the accident are concerned." He also alleges his car was damaged in the amount of $1,734.79. Defendant admits all allegations except those pertaining to identity of issues, collateral estoppel and the amount of damages.

---

[1] The meager record the parties have created does not even give a hint as to the circumstances surrounding the accident, nor does it state what Goodson's allegations of negligence were.

Both parties moved for summary judgment on the issue of liability. Plaintiff's motion was granted and defendant appeals.[2]

■ Defendant first argues that if the Goodson judgment is reversed on appeal it will cease to have collateral estoppel effect for the purposes of this action. *Community Bank v. Vassil,* 280 or 139, 570 P2d 66 (1977). The Goodson case has been affirmed. *See Goodson v. General Telephone,* 49 Or App 605, 620 P2d 926 (1980). It is conclusive with regard to issues actually litigated. Restatement of Judgments § 69 (1942).

Defendant next argues that plaintiff cannot rely solely on the doctrine of collateral estoppel to establish liability on its part. Defendant's main concern is that plaintiff seeks recovery based on negligence, but has relied solely on collateral estoppel to establish defendant's negligence by not pleading any specific allegations of negligence. Defendant appears to view the complaint as stating an entitlement to relief based on collateral estoppel only. Defendant argues that the previous litigation only established its liability vis-a-vis Goodson and not vis-a-vis plaintiff. Consequently, it contends there is lacking in the present case the identity of issue necessary to estop defendant from denying its liability to plaintiff.

■■ The overriding difficulty with this case is that plaintiff's complaint on its face fails to state a cause of action. As defendant points out, plaintiff's sole allegations are that the former litigation occurred, that collateral estoppel establishes defendant's negligence in causing the accident and that plaintiff suffered damages. Plaintiff has failed to allege any duty owing to him or that defendant's breach of *that* duty was the cause of *his* damage. We agree with defendant that collateral estoppel cannot be relied on as the *sole* basis for liability. Collateral estoppel is merely a judicial doctrine of administrative convenience which prevents relitigation of a particular issue or determinative fact which was necessary to a prior decision. *Bahler v. Fletcher,* 257 Or 1, 474 P2d 329 (1970); *see also,* ORS

---

[2] Plaintiff also moved separately for summary judgment on the amount of damages. Defendant apparently did not contest the motion and has not appealed from that portion of the order.

43.160. It is not a cause of action in and of itself which can be pleaded as a basis of liability.

We are unable to tell from the record what the specifications of negligence were in the Goodson case. Moreover, since plaintiff has failed to set forth any specifications of negligence in his complaint, we are unable to tell what the specifications are in this case.[3] Consequently, it is impossible to say whether this case presents factual issues identical to those actually determined in the previous litigation. It may be that with proper pleadings and an adequate record plaintiff here would be entitled to a summary judgment. At this point, however, we cannot rule that the record supports the trial court's action. *See Hamersly v. Transamerica Title,* 41 Or App 167, 597 P2d 849 (1979). The summary judgment in favor of plaintiff is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

---

[3] We are aware of the Goodson allegations and the factual circumstances surrounding the accident by virtue of our published opinion and admissions made by the parties in their briefs, but that is beside the point. Any order must be supported by evidence in the record, and, in the case of an order granting summary judgment, the evidence as to the material issue must be undisputed. Collateral estoppel and summary judgment are drastic measures because they deprive a party of an opportunity to present certain issues to the jury. Parties which invoke them must, without exception, exercise meticulous care to create a supporting record, since the record will be their sole justification.