Argued and submitted May 3, 1995, decision of the Court of Appeals reversed; case remanded to the Court of Appeals for further proceedings June 13, 1996

Jerry Wade PETERSON,
*Petitioner on Review,*

*v.*

Edward Claude TEMPLE,
*Respondent on Review.*

(CC 93-1490-E-1; CA A82008; SC S41805)

918 P2d 413

George W. Kelly, Eugene, argued the cause and filed the briefs for petitioner on review.

Robert H. Grant, Medford, argued the cause and filed the briefs for respondent on review.

James C. Egan, of Emmons, Kropp, Kryger, Alexander, Egan & Allen, P.C., Albany, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Bruce Lee Schafer, Lake Oswego, filed a brief on behalf of *amicus curiae* Oregon State Bar Professional Liability Fund.

DURHAM, J.

.

## DURHAM, J.

The issue in this case is whether a plaintiff may maintain separate actions against the same defendant, one alleging injury to property and the other alleging injury to person, when both actions arise from the same wrongful act or omission. We hold that a plaintiff is barred, in that circumstance, from bringing separate actions for injury to property and to person. However, because that holding is contrary to two prior decisions of this court and a prior decision of the Court of Appeals, and because plaintiff reasonably relied on those decisions in pursuing separate actions here, we apply our holding prospectively.

Plaintiff suffered property damage and personal injuries when his vehicle collided with a vehicle driven by defendant. Plaintiff initially filed an action seeking to recover for damage to his vehicle. A jury found that defendant was 60 percent negligent in causing the accident and awarded plaintiff $720 in damages. The trial court entered a final judgment in plaintiff's favor. Neither party appealed from that judgment. Thereafter, pursuant to ORCP 66,[1] the parties submitted the following issue to the trial court:

[1] ORCP 66 provides:

"A. Parties to a question in controversy, which might have been the subject of an action with such parties plaintiff and defendant, may submit the question to the determination of a court having subject matter jurisdiction.

"(1) The written submission shall consist of an agreed statement of facts upon which the controversy depends, a certificate that the controversy is real and that the submission is made in good faith for the purpose of determining the rights of the parties, and a request for relief.

"(2) The submission must be signed by all parties or their attorneys as provided in Rule 17.

"(3) From the moment the submission is filed, the court shall treat the controversy as if it is an action pending after a special verdict found. The controversy shall be determined on the agreed case alone, but the court may find facts by inference from the agreed facts. If the statement of facts in the case is not sufficient to enable the court to enter judgment, the submission shall be dismissed or the court shall allow the filing of an additional statement.

"B. An action may be submitted in a pending action at any time before trial, subject to the same requirements and attended by the same results as in a submission without action, and in addition:

"(1) Submission shall be an abandonment by all parties of all prior pleadings, and the case shall stand on the agreed case alone; and

"(2) The submission must provide for any provisional remedy which is to be continued or such remedy shall be deemed waived."

"Whether or not the plaintiff, * * * having filed and pursued to judgment a property damage claim arising out of an automobile accident, is barred from filing a claim for personal injuries against the same defendant arising out of the automobile accident which gave rise to the first case for property damage."

The trial court concluded that, because plaintiff had pursued the claim for property damage to judgment, he was barred from filing a separate action for personal injuries arising out of the same accident.

On appeal, plaintiff argued that this court's decision in *Winters v. Bisaillon*, 153 Or 509, 57 P2d 1095 (1936), required reversal of the trial court. The issue in *Winters*, as in this case, was whether the plaintiff could maintain separate actions for injuries to person and to property, when his claims arose from the same accident. In resolving the issue, the court analyzed the then-existing joinder statute, 1 Oregon Code Annotated 1930, § 1-811(8), to discern the legislature's intent. That former statute provided in part:

"The plaintiff *may* unite several causes of action in the same complaint when they all arise out of:

"* * * * *

"(8)  Injuries both to the person and property, when caused by the same wrongful act or omission." (Emphasis added.)

The *Winters* court concluded that, although the statute *permitted* a plaintiff to join claims for injury to person and to property in the single action, the statute did not *require* a plaintiff to do so. The court stated:

"Notwithstanding the majority of courts hold that there is only a single action where injury to person and property results from the same tort (see cases in note 64 A. L. R. 663), *the legislative intent in this state is clear that separate and distinct actions may be maintained. Permission under the statute to join the actions does not mean that it is mandatory to do so.*" 153 Or at 512 (emphasis added).

In the present case, the Court of Appeals held that, notwithstanding *Winters*, the trial court determined correctly that plaintiff is barred from maintaining a personal

injury action against defendant, because plaintiff could have joined his claim for personal injuries with his claim for property damage in the initial action. The court explained that, in decisions after *Winters*, this court has adopted a "transactional" approach to the doctrine of claim preclusion,[2] under which a plaintiff must join all claims that the plaintiff has against a particular defendant in a single action when those claims arise from the same set of factual circumstances. *See, e.g., Dean v. Exotic Veneers, Inc.*, 271 Or 188, 531 P2d 266 (1975) (adopting the "transactional" approach to claim preclusion); *see also Troutman v. Erlandson*, 287 Or 187, 201-13, 598 P2d 1211 (1979) (applying the doctrine); *Rennie v. Freeway Transport*, 294 Or 319, 323-24, 656 P2d 919 (1982) (same); *Drews v. EBI Companies*, 310 Or 134, 145-51, 795 P2d 531 (1990) (same); *Van De Hey v. U.S. National Bank*, 313 Or 86, 90-95, 829 P2d 695 (1992) (same). The court rejected plaintiff's argument that *Winters* controlled the outcome of this case, because the court determined that "statutory changes in the decades subsequent to *Winters* negate the relevance of any analysis based on the legislature's intent with regard to the 1930 joinder statute." *Peterson v. Temple*, 130 Or App 337, 342, 881 P2d 833 (1994). The Court of Appeals stated:

> "Although the rule remains permissive, rather than mandatory, it no longer makes separate mention of the different types of claims that may be joined, and states no limitation on when they may be joined." *Id.* at 340 (footnote omitted).

In reaching its conclusion, the Court of Appeals overruled its prior decision in *Andrews v. Christenson*, 71 Or App 442, 692 P2d 687 (1984), *rev den* 299 Or 37 (1985). In *Andrews*, the court, sitting *in banc*, held that, although cases regarding the common law of claim preclusion generally require joinder in a single action of all claims arising out of a particular factual circumstance, the *Winters* decision was based on a statute and, therefore, only legislative changes could alter the *Winters* rule. *Andrews*, 71 Or App at 446. The court explained:

---

[2] The doctrine of claim preclusion formerly was known as *res judicata. See Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990) (describing the change in terminology).

"If *Winters* were a common law decision, we would have no difficulty in saying that the recent Supreme Court cases have changed the common law so that *Winters* is no longer binding precedent. However, the Supreme Court explicitly based *Winters* on the *legislature's* intent that there be separate actions for injury to the person and to property. If so, no *judicial* change in the common law can affect the legislature's decision; we must await a legislative change or a Supreme Court redetermination of legislative intent." *Ibid.* (emphasis in original).

The *Andrews* court concluded that the legislature had not made any changes to the joinder statute that were material to the issue before the court. *Andrews*, therefore, held that the rule set forth in *Winters* remained the law of Oregon. *Id.* at 447.

■ Plaintiff acknowledges that, under the "transactional" approach to claim preclusion, as set forth in *Dean* and later cases, a plaintiff ordinarily is required to bring all claims arising from the same factual transaction or circumstances in a single action. That aspect of the doctrine of claim preclusion also is known as the rule against splitting a claim.[3] *See Drews*, 310 Or at 141 (describing that rule). Plaintiff argues, however, that *Winters* established an exception to that rule that is based on a statute and, therefore, can be changed only by legislative action, not by judicial decisions that apply the common law. *See Drews*, 310 Or at 141 (rule against splitting a claim is subject to exceptions created by statute). Plaintiff argues that, under the rule stated in *Winters*, he is not barred from bringing his claims for injury to person and to property separately and that the Court of Appeals erred in concluding that changes to the joinder statute since the *Winters* decision have made that decision irrelevant to the issue presented in this case.

Initially, we consider plaintiff's argument that *Winters* identified a statutorily based exception to the rule

---

[3] The Oregon Rules of Civil Procedure abandon the common law terms "cause of action" and "cause of suit" in favor of the term "claim for relief," *see* ORCP 18 A (stating requirements for a claim for relief), or some variant of that term, *see* ORCP 22 (describing counterclaims, cross-claims, and third-party claims). For purposes of our analysis, the terms "cause of action," "cause of suit," and "claim" are synonymous.

against splitting a claim. When *Winters* was decided, it was settled, as a matter of state common law, that a plaintiff could not split a claim by bringing multiple proceedings involving the same operative facts against the same defendant. *See, e.g., Gust v. Edwards Co.*, 129 Or 409, 411, 274 P 919 (1929) (applying that rule). The *Winters* court described that aspect of the doctrine of claim preclusion:

> " 'It is settled in this state, as elsewhere, that a judgment or decree rendered upon the merits is a final and conclusive determination of the rights of the parties, and a bar to a subsequent proceeding between them upon the same claim or cause of suit, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected therewith, either as a matter of claim or defense * * *, but that when the action is upon a different claim or demand the former judgment can only operate as a bar or an estoppel as against matters actually litigated or questions directly in issue in the former action * * *. This distinction should always be kept in mind in considering the effect of a former judgment or decree. *If the second action or defense is upon the same claim or demand, the former judgment is a bar not only as to matters actually determined, but such as could have been litigated*; but, if it is upon another claim or demand, the former judgment is not a bar, except as to questions actually determined or directly in issue.' " 153 Or at 513-14 (quoting *Ruckman v. Union Railway Co.*, 45 Or 578, 581, 78 P 748 (1904)) (emphasis added; citations omitted).

As that passage demonstrates, the first question before the *Winters* court, in applying the doctrine of claim preclusion, was whether the plaintiff's actions for damage to person and to property were "upon the same claim or cause of suit." 153 Or at 513. The *Winters* court concluded that those proceedings involved "separate and distinct" claims. *Id.* at 512. Accordingly, the court held that a judgment in the prior action to recover damages for personal injuries did not bar the plaintiff from maintaining a second action for property damage. *Ibid.*

The *Winters* court thus did not identify *an exception* to the rule against splitting a claim. Rather, because the court concluded that the plaintiff's claims for injury to person

and to property were separate and distinct, the court implicitly determined, as a matter of common law, that the plaintiff had not "split" a single claim by litigating those claims in separate proceedings.

The court then separately determined that the statutory provision relating to permissive joinder, section 1-811(8), imposed no *barrier* to litigation of the plaintiff's claim for injury to person and to property in separate proceedings. We recognize that this court's statement in *Winters* that "the legislative intent in this state is clear that separate and distinct actions may be maintained," 153 Or at 512, *could* be read to mean that the court construed section 1-811(8) to permit separate actions for injury to person and to property, notwithstanding the common law rule against splitting a claim. However, section 1-811(8) plainly spoke only to the circumstances in which separate claims *may be joined*. The statute said nothing about the distinct common law rule against splitting a claim. We treat what the court said *about* the statute as having no greater scope than the statute itself.

The present joinder statute, ORCP 24 A, which is a successor to section 1-811(8), provides:

> "A plaintiff *may* join in a complaint, either as independent or as alternate claims, as many claims, legal or equitable, as the plaintiff has against an opposing party." (Emphasis added.)

The joinder rule remains permissive, rather than mandatory, as it was when this court decided *Winters*. It is clear that the legislature continues to permit, not require, a plaintiff to join separate claims in a single proceeding.

It follows from the foregoing that section 1-811(8) did not, and its successor, ORCP 24 A, does not dictate an outcome either way in this case. The statement in *Winters* on which plaintiff relies was intended only to describe the permissive character of the joinder statute, nothing more. A correct understanding of statutory interpretation in *Winters* does not mean that our inquiry is at an end. As in *Winters*, we also must determine whether the *common law* rule against splitting a claim bars plaintiff from maintaining separate claims for injury to person and to property arising from the

same accident. ORCP 24 A, like its predecessor, section 1-811(8), says nothing about that question, to which we now turn.

When *Winters* was decided, this court, as a matter of state common law, had defined the concept of a "claim" more narrowly than it does today. *See Dean*, 271 Or at 191-200 (describing this court's later trend toward a more expansive conception of a "claim"). At that time, this court typically applied the "same evidence" test in determining whether two proceedings involved the same claim. *See id.* at 196 (discussing this court's former application of the "same evidence" test). That test had no statutory foundation. Under that test, "if the evidence needed to sustain two proceedings is different, those proceedings do not involve the same cause of action." *Ibid.* Applying that test in *Winters*, this court concluded that, because different evidence is needed to sustain a claim for damage to property and to person, those are separate claims under the "same evidence" test.

No statute presently defines the term "claim" for purposes of applying the common law rule against splitting a claim. As it has in the past, the legislature continues to look to the courts for the definition of that term. The question before us in this case, therefore, is whether claims of injury to person and to property arising from the same accident involve separate claims under the current judicial conception of that term.

As previously discussed, until the decision in *Dean*, this court typically applied the "same evidence" test for purposes of determining whether two proceedings involved the same claim. The issue in *Dean* was whether the doctrine of claim preclusion prohibited a plaintiff from maintaining separate proceedings for breach of contract and for recovery in *quantum meruit*. In resolving that issue, the court addressed whether those two proceedings involved the same claim. 271 Or at 192. The court first observed that, in prior decisions of this court, "the usual basis for * * * holding that proceedings upon express and implied contract involve a different cause of action, despite the unity of the underlying facts, is that the evidence necessary to sustain the two proceedings is different." *Id.* at 197. However, the court observed further that,

"with the advent of code pleading and the abandonment of rigid common law forms, the definition of 'cause of action' has tended to expand." *Id.* at 192-93. The court then noted that the "same evidence" test had been discredited by the *Restatement of the Law of Judgments* § 61 (1942). 271 Or at 197.

The *Dean* court decided to adopt the broader definition of a "cause of action" set forth in Clark on Code Pleading, 127 (2d ed 1947), which defined a "cause of action" as "an aggregate of operative facts giving rise to a right or rights * * * which will be enforced by the courts." 271 Or at 193. Applying Clark's definition, the court held that claims for breach of contract and *quantum meruit* recovery arising from the same factual transaction involve the same "cause of action." *Id.* at 194.

More recent decisions have continued to apply a broad definition of the term "cause of action" and "claim" for purposes of enforcing the rule against splitting a claim. For example, in *Drews*, 310 Or at 141, this court stated:

> "To prevent splitting of the dispute or controversy, courts employ a broad definition of what could have been litigated. Claim preclusion conclusiveness between the parties applies 'with respect to all or any part of the transaction, or series of connected transactions,' out of which the action or proceeding arose. [*Restatement (Second) of Judgments*] § 24(1); *see Rennie v. Freeway Transport, supra*, 294 Or at 324.[5]

---

"[5]   An earlier formulation of the definition of what could have been litigated was stated in *Dean v. Exotic Veneers, Inc.*, * * * [271 Or] at 193-94, as every claim which could have been alleged under the same aggregate of operative facts giving rise to judicial relief. The two descriptions of what is a claim are not far apart because any transaction is proved as an aggregate of facts showing it and its nature."

*See also Troutman*, 287 Or at 201 ("For res judicata purposes a 'claim' or 'cause of action' * * * [means] a group of facts which entitled plaintiff to relief.").

■       Applying the modern definition of the term "claim" set forth in *Dean* and later decisions, it is clear that claims for

injury to person and to property arising from the same accident involve but a single claim. We therefore hold that the common law rule against splitting a claim prohibits a plaintiff from maintaining separate actions for injury to person and to property arising from the same accident. The Court of Appeals was correct in so holding.

We turn to plaintiff's argument that we should apply that holding prospectively. After losing in the Court of Appeals, plaintiff filed a motion for reconsideration, arguing that the court should apply its decision to overrule *Andrews* only prospectively. The Court of Appeals denied that motion.

Plaintiff argues that the Court of Appeals erred in denying his motion for reconsideration. Plaintiff asserts that, before the Court of Appeals decided this case, the law was settled in Oregon that a plaintiff could bring separate actions for injury to person and to property arising from the same accident. Plaintiff observes that this court reaffirmed that rule as recently as 1971 in *Gaul v. Tourtellotte*, 260 Or 14, 17, 488 P2d 416 (1971). In *Gaul*, the court relied on *Winters* in holding that judgment in a prior action for property damage did not bar the plaintiff from maintaining a second action to recover for personal injuries arising from the same accident. The court stated: "[T]he second action, not being upon the same claim or demand as the first, raises a question of collateral estoppel and not one of res judicata." 260 Or at 17.

Plaintiff argues that, because he reasonably relied on this court's decisions in *Winters* and *Gaul*, as well as the 1984 Court of Appeals decision in *Andrews*, it would be unfair to apply a newly announced rule, contrary to those precedents, in this case. Plaintiff argues further that similar circumstances prompted the *Dean* court to apply prospectively its holding that a judgment in an action for breach of contract bars a subsequent action, arising from the same factual transaction as the first, for recovery in *quantum meruit*. In *Dean*, the court explained that, because it was unable to determine whether the plaintiff had relied on a contrary rule set forth in prior cases, it would apply its decision prospectively. 271 Or at 200. Plaintiff argues that, because he reasonably relied on the decisions in *Winters*, *Gaul*, and

*Andrews,* there are equally compelling reasons for a prospective holding in this case.

The Oregon State Bar's Professional Liability Fund (PLF) filed a brief of *amicus curiae* joining plaintiff in his request for prospective application of a decision barring separate actions for injury to person and to property arising from the same accident. PLF asserts that the Court of Appeals' decision effected an abrupt change in the law that likely will result in malpractice claims against lawyers who, reasonably relying on the decisions in *Winters, Gaul,* and *Andrews,* recently have filed separate actions to recover for personal injuries and property damage arising from the same accident. PLF brings to our attention two additional decisions in which this court applied prospectively a newly announced procedural rule that was contrary to precedent. *See Falk v. Amsberry,* 290 Or 839, 845-47, 626 P2d 362 (1981) (because the Court of Appeals announced a new procedural requirement that was supported only by *dictum* from a prior decision of this court, the Court of Appeals erred in applying that new requirement to the litigants before it); *Holder v. Petty,* 267 Or 94, 99, 514 P2d 1105 (1973) (declining to apply a new pleading requirement, contrary to precedent, to a litigant whose case was filed prior to the court's announcement of that new requirement). PLF argues that *Falk* and *Holder* support prospective application of our decision in this case.

■　　　We agree that the circumstances of this case are sufficiently analogous to those present in *Dean,* as well as in *Falk* and the cases discussed therein, to warrant prospective application of the new rule that we announce in this case. Our conclusion that only one claim arises from an accident that causes both personal injuries and property damage is contrary to this court's prior statement in *Winters* and the holding in *Gaul.* Plaintiff reasonably may have relied on those two cases. *See Dean,* 271 Or at 200 (using similar analysis).

Although this court's decision in *Dean* modified the judicial conception of a "claim," the *Dean* court applied that new definition in the context of a contractual dispute. The *Dean* court did not suggest, let alone hold, that claims for

injury to person and to property arising from the same accident involve the same claim, nor did the court mention, let alone question, the rationale in *Winters* and *Gaul*. Moreover, the Court of Appeals' decision in *Andrews* expressly held that *Dean* did *not* alter the rule established in *Winters. Andrews,* 71 Or App at 446. Because *Andrews* was consistent with results reached in two of this court's precedents, plaintiff's reliance on *Andrews* was reasonable. We conclude that an inequitable result will occur if we apply retroactively to this case the new rule that we state in this opinion.

We hold that the rule that we announce affects claims, like this one, for personal injury or property damage arising from a single accident. We apply that rule to any such claim filed after the date of this decision. Because the rule does not apply in this case, we remand for further proceedings.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.