JAMES, J., concurring.
This case comes before us in the deeply troubling posture of admitted religious discrimination. After plaintiff filed suit, Warner Pacific admitted it discriminated against him on the basis of his religion, but claimed that its otherwise unlawful act was permissible under ORS 659A.006(4), which provides, in part:
"It is not an unlawful employment practice for a bona fide church or other religious institution, including but not limited to a school, hospital or church camp, to prefer an employee, or an applicant for employment, of one religious sect or persuasion over another if:
"* * * * *
"(c) The employment involved is closely connected with or related to the primary purposes of the church or institution[.]"
Although this case was decided on summary judgment at the circuit court, before this court, plaintiff's focus has detached from the question of the sufficiency of the record to support a grant of summary judgment. Instead, plaintiff has presented a question of statutory interpretation as to whether ORS 659A.006(4) permits an institution to "prefer" to hire no one or, as plaintiff has argued, only permits a preference between two or more applicants under consideration. As to the resolution of that question of statutory interpretation, I agree with the majority. The history of ORS 659A.006(4) establishes that the term "prefer," as it appears in the statute, includes preferring no one.
*181 I write separately, however, because I do not join in the majority's discussion concerning the other element required to assert a defense under ORS 659A.006 (4)(c) : namely, whether a position is "closely connected." For Warner Pacific's admitted discrimination to not be unlawful, and therefore actionable, Warner Pacific had the burden to establish that the position of professor of psychology was "closely connected with or related to the primary purposes" of the school under ORS 659A.006(4)(c). That question-whether a psychology professorship is, in fact, "closely connected" with the religious purposes of the school such that the statute permits admitted discrimination-is precisely the type of question that should be resolved in the crucible of trial, wherein the community may express itself through the voice of the jury.
The civil jury trial is "a right resulting from a social compact which regulates the action of the community, [and] is as essential to secure the liberty of the people as any one of the pre-existent rights of nature." 1 ANNALS OF CONG. 454 (1789) (Joseph Gales ed., 1834); see also THE FEDERALIST No. 83, at 558-74 (Alexander Hamilton) (Jacob E. Cooke ed., 1961) (describing the jury trial as the "very palladium of free government"). Summary judgment sits in potential opposition to the fundamental right to a jury trial.
As we have said, summary judgment is a "drastic" measure. Myhran v. General Telephone Company , 52 Or. App. 209, 213 n. 3, 628 P.2d 402 (1981). In so noting, we are in keeping with countless other courts that have also held that summary judgment is an extreme act and should be utilized with the utmost of caution. See, e.g. , Schweihs v. Chase Home Finance, LLC , 412 Ill.Dec. 882, 77 N.E.3d 50, 62 (2016) ("Summary judgment is a drastic measure and should only be granted if the movant's right to judgment is clear and free from doubt."); Knapp v. Fraternal Order of Eagles , 106 N.M. 11, 12, 738 P.2d 129, 130 (N.M. Ct. App. 1987) ("Summary judgment is a drastic measure not generally favored and is to be used only with extreme caution."); Chadd v. Midwest Franchise Corp ., 226 Neb. 502, 505, 412 N.W.2d 453, 456 (1987) ("Summary judgment is an extreme remedy and should be awarded only when *182 the issue is clear beyond all doubt."); Murrell v. Bennett , 615 F.2d 306, 309 (5th Cir. 1980) (summary judgment "must be used cautiously or it may lead to drastic and lethal results"); Williams v. Carolina Power & Light Co ., 296 N.C. 400, 402, 250 S.E.2d 255, 257 (1979) ("[S]ummary judgment is a drastic measure, and it should be used with caution.").
What makes summary judgment potentially perilous is that it "deprive[s] a party of an opportunity to present certain issues to the jury."
*1186 Myhran , 52 Or. App. at 213 n. 3, 628 P.2d 402. For, it is the jury -not the judge-that serves as the conscience of the community. And, it is only the jury that can truly render "[t]he community's judgment [as to] whether the defendant's conduct met that threshold in the factual circumstances of any particular case." Chapman v. Mayfield , 358 Or. 196, 206, 361 P.3d 566 (2015) ; see also Piazza v. Kellim , 360 Or. 58, 74, 377 P.3d 492 (2016) (holding same).
In this case, summary judgment would only have been appropriate if, viewing all the facts and inferences in the light most favorable to plaintiff, no reasonable jury could have concluded that a psychology professorship was not "closely connected" with the religious purposes of Warner Pacific. I find it highly unlikely, and perhaps virtually impossible, that a genuine issue of material fact did not exist on that element. One might argue that, given Warner Pacific's admission of discrimination, the very nature of the ORS 659A.006(4) defense itself may have foreclosed summary judgment. But that issue was not developed on appeal.
Appellant has provided only a single conclusory sentence in his brief before this court, stating, "Warner Pacific has presented no evidence to establish that teaching psychology 'is closely connected with or related to the primary purposes' of Warner Pacific." That single sentence, which itself fails to articulate the correct standard of review for a grant of summary judgment, cannot serve as the basis for reversal. "Because we do not make or develop a party's argument when that party has not endeavored to do so itself, * * * we constrain our review in this case to the arguments that defendant actually made." Harnisch v. College of Legal Arts, Inc. , 243 Or. App. 16, 25, 259 P.3d 67 (2011) (footnote omitted).
*183 The question of whether there was a genuine issue of material fact that a professorship of psychology was "closely connected with or related to the primary purposes" of Warner Pacific, under ORS 659A.006(4)(c), was not developed on appeal. Thus, I do not consider that question as properly before us. In discussing that issue without the help of the parties, the majority confuses undisputed evidence with undisputed facts , and it usurps the jury's role in assessing the evidence proffered by Warner Pacific. It is the jury's role, not ours, to decide whether to credit explanations proffered by Warner Pacific and to draw inferences from the documents and other materials submitted by the college. By weighing in on this undeveloped issue, the majority risks implying that this court believes the record in this case justified summary judgment on the "closely connected" issue and, more troubling, the majority may subtly signal that similar evidence would warrant summary judgment in future cases.
Accordingly, I do not join in the majority's discussion of that issue, nor its summary of the facts underlying it, see 296 Or. App. at 161-62, 172-80, and view such as dicta .
I, nevertheless, concur in the judgment.