Argued and submitted February 24, reversed and remanded December 30, 1992,
reconsideration denied March 24, petition for review denied May 25, 1993
(316 Or 527)

Robert D. DITTON
and Wallace Clark,
*Appellants,*

*v.*

Tom R. BOWERMAN
and Lucille A. Lamkin,
*Respondents.*

(16-90-05212; CA A69471)

844 P2d 919

Harold D. Gillis, Eugene, argued the cause and filed the briefs for appellants.

David V. Brewer, Eugene, argued the cause for respondents. With him on the brief were Jeffrey E. Potter and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Plaintiffs appeal a summary judgment for defendants. The question in this case is whether plaintiffs' claim against defendants for breach of contract is barred by claim or issue preclusion. We reverse.

Plaintiffs, who are architects, identified property in Eugene that they believed could be rehabilitated into profitable rental space for commercial use. They needed funding for the project and reached an agreement with defendants whereby defendants would fund the project and plaintiffs would provide certain services related to the project. Plaintiffs alleged in their complaint:

> "It was agreed between plaintiffs and defendants that plaintiffs would obtain all the necessary permits (including historic status of one of the buildings then planned to be restored), prepare plans and specifications for the work to be performed, obtain governmental approval for the work to be performed, and cause the building rehabilitation work to be performed at $25 per hour for each of plaintiffs' services.

> "In return for the foregoing it was agreed between plaintiffs and defendants that a business organization would be formed in which (a) defendants would supply the money to buy the property and pay for its rehabilitation and (b) plaintiffs and defendants become [sic] equal owners of the organization that would own the property."

Defendants formed a corporation in December, 1986, and were the sole shareholders. The corporation purchased the property in April, 1987. The project began, and plaintiffs performed work for the corporation until August, 1988, when they were fired by defendant Lamkin.

In February, 1989, plaintiffs filed an action against the corporation. They alleged a claim for the reasonable value of services performed at the corporation's request. They also alleged an alternative claim for the foreclosure of a construction lien against the corporation. The corporation alleged a counterclaim, joining defendants as additional counterclaimants. Plaintiffs received a judgment against the corporation in the amount of $25,000 for services rendered, and the counterclaims were dismissed without prejudice.

In June, 1990, plaintiffs brought this action, seeking a judgment declaring that they are each owners of 25 percent of the corporation and requiring defendants to transfer shares in the corporation to them or, in the alternative, awarding them $183,352, representing the value of their alleged interest in the corporation. The trial court granted defendants' motion for summary judgment on the ground of claim preclusion.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47. On appeal from a summary judgment, we review the facts in the light most favorable to the non-moving party. *Whitaker v. Bank of Newport*, 313 Or 450, 836 P2d 695 (1992).

■■ Plaintiffs argue that defendants were not entitled to judgment as a matter of law. They first contend that claim preclusion does not bar this action, because defendants were not parties to the first action. Claim preclusion compels a plaintiff to prosecute in one action all claims against the same defendant arising from the same transaction. If the plaintiff fails to join all potential claims arising from the same transaction, claim preclusion bars a subsequent action against the same defendant. ORS 43.130(2); *Whitaker v. Bank of Newport, supra*. Claim preclusion protects defendants from harassment by successive litigation on the same set of operative facts, preserves the finality of judgments and prevents inconsistent judgments. *Drews v. EBI Companies*, 310 Or 134, 795 P2d 531 (1990).

Defendants were not parties in the first action. They argue that they were parties, because the corporation attempted to join them as additional counter-claimants in its answer. However, plaintiffs opposed joinder. There is no record that the trial court ever decided the joinder issue or that defendants were made parties to the action over plaintiffs' objections.

■ Defendants argue alternatively that, even if they were not parties to the first action, they were in privity with the corporation which was a party to the action; therefore, claim preclusion applies. A judgment will not have preclusive effect on a non-party unless the non-party was in privity with

a party to the previous action. Privity is essentially a conclusory term that describes the relationship between a party and a non-party that is deemed close enough to warrant the application of claim or issue preclusion to the non-party. *See* 1B *Moore's Federal Practice* 392, ¶ 0.411[1] (2d ed 1992).

Defendants first contend that they were in privity with the defendant corporation because, as the sole shareholders, they controlled the litigation on behalf of the corporation in the previous action. They rely on section 39 of *Restatement (Second) Judgments* to support their argument. It provides:

> "A person who is not a party to an action but who controls or substantially participates in the control of the presentation on behalf of a party is bound by the determination of *issues decided* as though he were a party." (Emphasis supplied.)

That provision does not support defendants' argument, because, by its terms, it is limited to issue preclusion. *See also Restatement (Second) Judgments* § 39, *comment b*.

■■ In addition, section 59 of the *Restatement* specifically addresses the preclusive effects of judgments against corporations on shareholders and it is more specific than section 39. Section 59 provides, in pertinent part:

> "Except as stated in this Section, a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member of a non-stock corporation, nor does a judgment in an action involving a party who is an officer, director, stockholder, or member of a non-stock corporation have preclusive effects on the corporation itself.

> "(1) If a relationship exists between a corporation and an officer, director, stockholder, or member of a non-stock corporation, such as that of principal and agent, indemnitee and indemnitor, or successor in interest to property, from which preclusive effects follow under rules governing that relationship, the judgment has preclusive effects in accordance with those rules.

> "(2) The judgment in an action to which the corporation is a party is binding under the rules of res judicata in a subsequent action by its stockholders or members suing derivatively in behalf of the corporation, and the judgment in

a derivative action by its stockholders or members is binding on the corporation."

Section 59 accurately reflects Oregon law. The exceptions in subsections (1) and (2) do not apply, because the corporation and defendants were not principal and agent, indemnitee and indemnitor or successors in interest to property, and this is not a derivative action. Accordingly, we hold that claim preclusion does not bar this action against defendants; the trial court erred in granting them a summary judgment on that ground.

Defendants also moved for summary judgment on the ground that plaintiffs are barred by the doctrine of issue preclusion from relitigating the issue of compensation for their services because of the judgment against the corporation in the first action. However, in order for issue preclusion to apply, the issues must be identical and necessary to the judgment in the prior proceeding. *Drews v. EBI Companies, supra,* 310 Or at 134. Viewing the facts in the light most favorable to plaintiffs, against whom summary judgment was entered, we conclude that the issues in this action are not identical to the issues determined in the first action and, therefore, issue preclusion does not bar plaintiffs' action here.

Plaintiffs allege an agreement between them and defendants to form a corporation for the purpose of acquiring and rehabilitating the property. They allege that defendants breached the agreement when they failed to give them equal shares in the corporation. Plaintiffs are suing defendants for alleged breach of the pre-incorporation agreement. The earlier action, against the corporation, was for the reasonable value of services rendered at its request, not for breach of the pre-incorporation agreement. *See Pollard v. Pollard's L.L. & L., Inc.,* 279 Or 467, 472, 568 P2d 1387 (1977); Henn, *The Law of Corporations,* § 113 (3d ed 1983). Because the issues in the second action are not identical to an issue actually litigated and necessarily determined in the prior proceeding, issue preclusion does not bar plaintiffs from pursuing this action.

Finally, defendants argue that the summary judgment was proper on the ground that no consideration

supports the pre-incorporation agreement, because plaintiffs were fully compensated for their services by the judgment against the corporation. However, whether the pre-incorporation agreement was supported by consideration different than and apart from the architectural and building services performed by the plaintiffs for the corporation is a question of fact. There is evidence, including plaintiff Clark's affidavit and excerpts from plaintiffs' depositions attached to defendants' motion for summary judgment, supporting plaintiffs' version of the facts.[1] The evidence raises a genuine issue of material fact, and summary judgment was not proper.

Reversed and remanded.

---

[1] Defendants, relying on *Clapp v. Oregonian Publishing Company*, 83 Or App 575, 732 P2d 928 (1987), argue that plaintiff Clark's affidavit directly contradicts plaintiff Ditton's deposition testimony without explanation or protestation of confusion and, therefore, cannot create a genuine issue of material fact. Even if the point that defendants derive from *Clapp* survives *Taal v. Union Pacific Railroad Co.*, 106 Or App 488, 494, 809 P2d 104 (1991), it does not support defendants' argument. Under those and related cases, an unexplained contradiction in the testimony of *one* party *may* not be sufficient to create a genuine issue of material fact. However, that principle has no application when the testimony of different witnesses is involved, even if they are co-parties. The fact that their interests may be the same does not mean that a difference in their recollections is not for the factfinder to resolve.