**Sharon TYLER, Plaintiff,**

v.

**HORIZON PROJECT INC., State of Oregon, by and through its Department of Transportation and Dave Hayworth, Defendants.**

**No. Civ. 98–458–HU.**

United States District Court,
D. Oregon.

Oct. 30, 1998.

Hans Mitchell, Yturri Rose Burnham et al., Ontario, OR, for Sharon Tyler.

Pilar Cortwright French, Asst. Atty. Gen., Dept. of Justice, Salem, OR, for State of Oregon, Dave Hayworth.

Douglas Hojem, Corey, Byler, Rew et al., Pendleton, OR, for Horizon Project.

## OPINION AND ORDER

HUBEL, United States Magistrate Judge.

Plaintiff, Sharon Tyler, sued filed suit under 42 U.S.C. § 1983, as well as state common law and statutory provisions arising from her alleged termination from a road reconstruction project near Enterprise, Oregon. Before the court is Defendants State of Oregon and Hayworth's[1] Motion (# 14) To Dismiss and Defendant Horizon's Motion (# 23) For Summary Judgment. While the State of Oregon and Hayworth filed a motion to dismiss, the court will treat that motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(b) because matters outside the pleadings have been considered by the court.[2]

## BACKGROUND

This case arises from an employment relationship that existed between plaintiff and defendants. In January and February of 1996, heavy flooding in Eastern Oregon damaged portions of Highway 3. A relationship existed between the Oregon Department of Transportation ("ODOT")[3] and Horizon Pro-

---

1. There is a discrepancy amongst the pleadings regarding the proper spelling of defendant Hayworth. The official court docket reflects the spelling H-a-y-w-o-r-t-h. That is how the court will spell it in this opinion.

2. *See Lodge 1380, Broth. of Ry., Airline and S.S. Clerks, Freight Handlers, Exp. and Station Employees (BRAC) v. Dennis,* 625 F.2d 819, 824 (1980) (proper to treat Rule 12(b)(6) motion as

one for summary judgment when matters outside the pleadings are considered). The court queried all parties regarding this issue. While some parties objected to treating the State's motion as one for summary judgment, the record should reflect that all parties were given an opportunity to supplement the record after oral argument.

3. Defendant State of Oregon will be referred to either as the State or ODOT.

jects ("Horizon"), wherein Horizon would supply temporary labor to the State for road construction, reconstruction or maintenance projects. Plaintiff was employed by Horizon and the State on a project known as the Buford Grade section of Highway 3. Plaintiff's duties consisted of flagging and driving a pilot car. Her employment commenced on February 8, 1996, and ended with her termination in the middle of April 1996. Defendant David Hayworth, is an area manager for ODOT

Throughout the employment relationship, plaintiff made inquiries and investigations into whether she was entitled to receive the statutorily mandated prevailing wage for public works projects. Plaintiff alleges she was terminated because of these inquires. The dispute over the prevailing wage issue led to an investigation by a state agency into whether plaintiff and other Horizon workers on the Buford Grade project were entitled to the prevailing wage. This dispute eventually lead to litigation in the Oregon State Courts.

On May 15, 1996, plaintiff and four others, filed suit in Umatilla County Circuit Court alleging a claim for wages under state law against Horizon only, *Tyler v. Horizon Projects ("Tyler I")*. After *Tyler I* was filed, the plaintiffs were paid the prevailing wages. Plaintiffs in *Tyler I* then amended their complaint to allege claims for statutory penalty wages and liquidated damages available under Oregon law. The amended complaint was filed August 5, 1996. After the amended complaint was filed in state court, the State of Oregon moved to intervene as the real party in interest in *Tyler I*. After the State was allowed to intervene, it filed a motion for summary judgment regarding whether plaintiff was entitled to prevailing wages under Oregon law. Judge Olsen of the Umatilla County Circuit Court granted the State motion by letter order in late April of 1997. The parties ultimately settled the case and judgment was entered dismissing plaintiffs' claims and defendants' counterclaims. *See* Exh. 11 to State's Mot. to Dismiss. Subsequent to the dismissal of *Tyler I*, plaintiff alone filed this suit against Horizon, the State and Hayworth. The court will refer to the present action as *Tyler II*.

In the course of *Tyler I*, some seven months prior to dismissal, plaintiff Tyler sent a Notice of Tort Claim to ODOT on October 7, 1996. Exh. 12 to State's Mot. to Dismiss. The only claimant in that notice was Sharon Tyler. The essence of the notice stated:

A claim for damages will be made against the Oregon Department of Transportation. In May of 1996, the Oregon Department of Transportation, by and through their employees, caused the retaliatory firing and interference with contract of Sharon Tyler, an employee of Horizon Projects, Inc., working as a flagger in Wallowa County on a project known as the Buford Grade.

*Id.*

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). If the moving party shows there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge*, 865 F.2d 1539, 1542 (9th Cir.), *cert. denied*, 493 U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989).

The substantive law governing a claim determines whether a fact is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 630 (9th Cir.1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. *T.W. Elec. Service*, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. *Id.* at 630–31.

## DISCUSSION

Plaintiff alleges three bases for relief in her complaint. Against Horizon and Hayworth, plaintiff alleges a violation of 42 U.S.C. § 1983 for terminating her in retaliation for complaints and investigations con-

cerning the amount of wages due her and other employees. Against Horizon and ODOT, plaintiff alleges common law wrongful termination. In her third claim for relief, plaintiff alleges a violation of O.R.S. § 652.355 against Horizon and ODOT. All defendants move for dismissal arguing plaintiff's claims are barred by the doctrine of claim preclusion. ODOT and Hayworth allege that the 11th Amendment to the United States Constitution also bars the claims against state officials in their official capacity because the state had not waived its immunity from suit.[4] Hayworth also challenges the § 1983 claim on the merits, arguing plaintiff has failed to allege a claim upon which relief can be granted. For the reasons that follow, the court finds that claim preclusion bars plaintiff's claims against all defendants.

## I. Claim Preclusion

This court must give the judgment in *Tyler I* the same preclusive effect as it would receive under the laws of the State of Oregon. *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Feminist Women's Health Center v. Codispoti*, 63 F.3d 863, 867 (9th Cir.1995) (giving preclusive effect to prior state court judgment under Washington law in a civil RICO case). "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." 63 F.3d at 867.

*Drews v. EBI Companies*, 310 Or. 134, 139, 795 P.2d 531 (1990), clarified the principle of "[p]reclusion by former adjudication."

"Preclusion by former adjudication" is a doctrine of rules and principles governing the binding effect on a subsequent proceeding of a final judgment previously entered in a claim. The term comprises two doctrines: claim preclusion, also known as res judicata, and issue preclusion, also known as collateral estoppel.

*Id.* The Oregon courts, in what is called the transactional approach, require "a plaintiff [to] join all claims that the plaintiff has

against a particular defendant in a single action when those claims arise from the same set of factual circumstances." *Peterson v. Temple*, 323 Or. 322, 326, 918 P.2d 413 (1996). In *Drews*, the Court stated:

[A] plaintiff who has prosecuted one action against a defendant through to final judgment ... is barred [i.e., precluded] ... from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.

310 Or. at 140, 795 P.2d 531 (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323, 656 P.2d 919 (1982)). The Court also stated that "claim preclusion does not require actual litigation of an issue of fact or law, as does issue preclusion. Nor does it require that the determination of the issue be essential to the final or end result reached in the action, claim or proceeding." *Id.* The opportunity to litigate, whether it is used or not, and finality are required for claim preclusion. *Id.*

The *Drews* Court went on to state: "Claim preclusion conclusiveness between the parties applies 'with respect to all or any part of the transaction, or series of connected transactions,' out of which the action or proceeding arose." 310 Or. at 141, 795 P.2d 531 (quoting Restatement (Second) of Judgments § 24(1)). The passage was clarified in *Peterson* when the Court noted that its "recent decisions have continued to apply a broad definition of the term 'cause of action' and 'claim' for purposes of enforcing the rule against splitting a claim." 323 Or. at 331, 918 P.2d 413. The term claim or cause of action can also be stated as " 'a group of facts which entitle[ ] plaintiff to relief.' " *Id.* (quoting *Troutman v. Erlandson*, 287 Or. 187, 201, 598 P.2d 1211 (1979)).

Plaintiff does not dispute that the remedy sought in this case, *Tyler II*, is in addition to the remedy sought in *Tyler I*. Plaintiff does argue, in opposition to both the

4. Plaintiff seems to concede that the state has not waived its immunity. Plaintiff claims that the

only claims against Hayworth are in his individual capacity. Response to MTD at 8.

motion to dismiss and the motion for summary judgment, that the claims brought in this case could not be brought in *Tyler I* and that the separate suits do not arise from the same factual transaction.

The record in this case does not support plaintiff's arguments regarding her alleged inability to bring these claims in *Tyler I.* Plaintiff was terminated before *Tyler I* was filed. In October of 1996, before final judgment was entered in *Tyler I,* plaintiff served a Tort Claims notice on the State as required by Oregon law alleging the very claims she now brings in *Tyler II.* Additionally, in her response to the State's motion to intervene in *Tyler I,* plaintiff (and her co-plaintiffs) asserted that

> At some point during the project the question of whether plaintiffs should be paid according to the Prevailing Wage Law was raised. Horizon initially denied that such was the case. The plaintiffs were threatened with termination if further inquiries were made. After plaintiff Sharon Tyler was terminated for making further inquiries, she contacted the Bureau of Labor and Industry ("BOLI"). BOLI determined that indeed the prevailing wage should have been paid to plaintiffs.

Hojem Aff. Exh. 3 at 3. This document was dated by her attorney on November 13th, 1996, several months before the judgment was entered in *Tyler I.* Plaintiff's assertions that she was not able to bring these claims in *Tyler I* are without merit.

Plaintiff also argues that she was not required to amend her complaint in *Tyler I* to allege the claims she now brings in this case. Amendment is not an issue because the facts underlying this case all occurred before *Tyler I* was filed. Regardless, under Oregon law plaintiff had a duty to amend her complaint in *Tyler I* to assert the present claims. *Dean v. Exotic Veneers, Inc.,* 271 Or. 188, 192–93, 531 P.2d 266 (1975). In *Dean,* the Court stated:

> As . . . amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding.

*Id.* Plaintiff should have amended her complaint in *Tyler I* to assert these claims.

Claim preclusion in Oregon requires that both cases involve the same factual transaction. With respect to this requirement, all parties cite the court to *Whitaker v. Bank of Newport,* 313 Or. 450, 836 P.2d 695 (1992). In *Whitaker,* the Court discussed only the "same factual transaction" element. 313 Or. at 455, 836 P.2d 695. The Court stated "[t]he 'same factual transaction' can be either a single transaction or a connected series of transactions." *Id.* The Court stressed that the approach to determining whether claims arise from the same transaction must be taken pragmatically and listed several non-exclusive elements. *Id.* (citing *Troutman v. Erlandson,* 287 Or. 187, 205–10, 598 P.2d 1211 (1979) (quoting Restatement (Second) of Judgments § 24)). The Court also stated:

> "When a defendant is accused of successive but nearly simultaneous acts, or acts which though occurring over a period of time were substantially of the same sort and similarly motivated, fairness to the defendant as well as the public convenience may require that they be dealt with in the same action. The events constitute but one transaction or a connected series."

*Id.* at 455–56 (quoting *Troutman,* 287 Or. at 205–07, 598 P.2d 1211). The factors for assessing the "same factual transaction" prong are whether the facts of each case are related in time, space, origin, and motivation, convenience, and similar acts. 313 Or. at 455–459, 836 P.2d 695.

Based on Oregon law and the undisputed facts before the court, claim preclusion should apply to plaintiff's claims in this case. *Tyler I* alleged that plaintiffs were not paid wages according to state prevailing wage laws, while the claims here allege that plaintiff was fired for investigating those claims. Plaintiff has admitted in two documents that she recognized such claims might exist and that she contemplated filing claims for retaliatory discharge months before the judgment in *Tyler I.* The facts she alleges to support her claim in this case all occurred around the time of the wage dispute and within a short period of time. Thus, the facts of both cases were close in time and space. That the facts

to support the claims in *Tyler II* arose before *Tyler I* commenced is an important factor favoring preclusion. 313 Or. at 456, 836 P.2d 695.

The origin element refers to the harm caused. *Id.* at 457, 836 P.2d 695. Plaintiff in *Tyler I* sought lost wages and penalties for alleged violations of Oregon wage laws. In this case, plaintiff seeks damages for her alleged termination because of inquiries regarding those same wages. The alleged harm caused by these two cases is not dissimilar enough to weigh against preclusion. Two other factors weigh in favor of preclusion: convenience and similar acts. The court has already found that plaintiff could have brought these claims in *Tyler I*. The Oregon Court stated in *Whitaker* that "[i]f ... some aspects of one claim would necessarily overlap any complete litigation of another, the argument in favor of requiring that both claims be tried at the same time is strong." 313 Or. at 458, 836 P.2d 695. As for similar acts, taking plaintiff's allegations from both cases, there is a short time line underlying both of her complaints. She complained of and investigated wage claims against her employers (*Tyler I* ), was allegedly warned against doing so, and then ultimately terminated because of these actions (*Tyler II* ). Plaintiff's submissions in the course of *Tyler I* showed that she considered defendants' actions to be unlawful and even sent the State a Tort Claim Notice. The series of transactions in this case are clearly connected. This warrants application of claim preclusion under Oregon law. Plaintiff should have brought these claims in *Tyler I* and is now precluded from litigating them in this court.

The above conclusion clearly applies to Horizon and the State because both were parties to *Tyler I*. However, in this case, plaintiff included defendant Hayworth individually and ODOT. Under state law, the State and its agencies are the same entity. O.R.S. § 30.260(5). Therefore, claim preclusion applies to ODOT as well. As for Hayworth, he argues in his motion to dismiss that he and state enjoy privity and therefore, any preclusive effect from the judgment in *Tyler I* is preclusive against him. "Individuals in privity with named parties include those who control an action though not a party to it; those whose interests are represented by a party to the action; and successors in interest to those having derivative claims." *State Farm Fire and Cas. Co. v. Reuter,* 299 Or. 155, 161, 700 P.2d 236 (1985) (internal quotation omitted).

In *Ditton v. Bowerman,* 117 Or.App. 483, 486–87, 844 P.2d 919 (1992), *rev. denied,* 316 Or. 527, 854 P.2d 939 (1993), the Oregon Court of Appeals stated that:

> A judgment will not have preclusive effect on a non-party unless the non-party was in privity with a part to the previous action. Privity is essentially a conclusory term that describes the relationship between a party and a non-party that is deemed close enough to warrant the application of claim or issue preclusion to the non-party.

In *Ditton,* the Court of Appeals concluded there was no privity between a corporation and it's sole shareholders and thus claim preclusion did not apply because the "corporation and defendants were not principal and agent, indemnitee and indemnitor or successors in interest to property and this is not a derivative action." 117 Or.App. at 488, 844 P.2d 919.

The Oregon Legislature has defined the relationship between state employees and the State when an employee is sued. The Legislature has authorized the Attorney General of Oregon to defend and indemnify state officers who are sued for damages arising from acts in the performance of their duties. O.R.S. § 30.285(1). *See also Berry v. State Dept. of General Services,* 141 Or.App. 225, 227–28, 917 P.2d 1070 (1996). While not shielding employees from liability, the State argues O.R.S. § 30.285 establishes the privity between the State and its employees. I agree. Under *Ditton,* one relationship where the Oregon courts find privity is between an indemnitor and indemnitee. Such a relationship exists between the State and its employee, defendant Hayworth, in this case. Therefore, Hayworth and the State are in privity for purposes of the judgment from *Tyler I* and plaintiff's claims against Hayworth are precluded.

## CONCLUSION

Because plaintiff is precluded from bringing these claims, defendants State of Oregon and Hayworth's Motion (# 14) To Dismiss and Defendant Horizon's Motion (# 23) For Summary Judgment ARE GRANTED.