Argued and submitted February 27, A109960 and A109961 vacated and remanded; A110305 reversed and remanded for new trial October 30, 2002, petition for review denied February 4, 2003 (335 Or 195)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES LEE STEPHENS, JR.,
*Appellant.*

99CR-0811, 99CR-1013;
A109960 (Control), A109961

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES LEE STEPHENS, JR.,
*Appellant.*

99-4865FE; A110305
(Cases Consolidated)

56 P3d 950

Louis R. Miles, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Acting Executive Director, Office of Public Defense Services.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christina M. Hutchins, Assistant Attorney General.

Before Landau, Presiding Judge, and Brewer, Judge, and Osborne, Judge pro tempore.

LANDAU, P. J.

## LANDAU, P. J.

Defendant was charged with two counts of first-degree robbery in Jackson County Circuit Court (A110305). He moved to suppress evidence of the crimes obtained during a traffic stop that occurred in Josephine County. That motion was denied, and, after a trial to the court, he was convicted. Meanwhile, defendant also was charged with felon in possession of a firearm, possession of a controlled substance, and unauthorized use of a motor vehicle in two cases in Josephine County Circuit Court based on evidence obtained during the same traffic stop in Josephine County (A109960 and A109961). Defendant moved to suppress the evidence in those cases, and the trial court denied the motions on the ground that the Jackson County court's suppression ruling had preclusive effect. Defendant ultimately was convicted of those charges, as well.

Defendant now appeals the judgments of conviction in all three cases, which have been consolidated for the purpose of the appeal. As to the Jackson County case, defendant argues that his conviction and sentence must be vacated because there was no written waiver of a jury trial. He also argues that the trial court erred in denying his motion to suppress. As to the Josephine County cases, he argues that the trial court erred in giving preclusive effect to the Jackson County Circuit Court suppression ruling.

The state concedes that the conviction and sentence in the Jackson County case must be vacated because of the lack of a written jury waiver. As for the motions to suppress, the state argues that the trial courts properly denied both.

We accept the state's concession as to the lack of a written jury waiver, reverse, and remand for a new trial in the Jackson County case. We also address the correctness of the denial of the motion to suppress and conclude that the trial court did not err. In the Josephine County cases, however, we conclude that the trial court erred in giving preclusive effect to the Jackson County order denying the motion to suppress in that case.

The relevant facts are not in dispute. Defendant and a companion were walking along a street in Grants Pass at

approximately 3:00 a.m. Officer Jenista approached defendant to ask about several crimes that had taken place in the area. During the course of the conversation, Jenista asked defendant whether he was carrying any weapons. Defendant replied that he had a knife in his front pants pocket and then reached into that pocket. Jenista was within four or five feet of defendant when defendant reached for the knife. Given that proximity and the lateness of the hour, Jenista was immediately concerned for his safety. Jenista told defendant to stop and take his hand out of the pocket. Defendant complied.

Jenista then asked defendant to put his hands behind his head while Jenista reached into defendant's pocket to retrieve the knife. When he reached for the knife, he encountered a plastic bag that, because of its shape and feel, Jenista suspected contained drugs. Jenista asked defendant whether the bag contained drugs, but defendant did not respond. Because of the tightness of defendant's pants, when Jenista pulled out the knife, the bag came out with it. In the plastic bag, Jenista saw another plastic bag that appeared to contain methamphetamine. Jenista gave defendant *Miranda* warnings. A back-up officer retrieved defendant's wallet and found inside it a wanted poster for defendant for two robberies in Jackson County. The officers also later discovered that defendant had been driving a stolen car.

Defendant was charged in Josephine County with felon in possession of a firearm, possession of a controlled substance, and unauthorized use of a motor vehicle. Meanwhile, he was charged in Jackson County with the two robberies.

In the Jackson County case, defendant moved to suppress the evidence of the wanted poster on the ground that it was obtained as a result of an unlawful search. Defendant argued that Jenista unlawfully stopped him when he was required to put his hands behind his head and submit to Jenista reaching into his pocket for the knife. The state argued that, once defendant replied that he had a knife and reached for it, any stop was justified by officer safety concerns. The trial court denied the motion without making any findings of fact or conclusions of law.

Meanwhile, in the Josephine County cases, defendant moved to suppress the evidence of the weapons, the drugs, and the unlawful vehicle use on precisely the same ground, that is, that the evidence was obtained as a product of Jenista's unlawful stop. The state argued that the ruling in the Jackson County case had preclusive effect. Defendant objected that the ruling was not yet final, the trial not yet having taken place. The trial court denied defendant's motion expressly on the sole ground of issue preclusion.

The Josephine County cases then went to trial before the court on stipulated facts, pursuant to a written jury waiver, and defendant was found guilty as charged. The Jackson County case also went to trial before the court on stipulated facts, albeit without a written jury waiver. Defendant was found guilty on both robbery counts and sentenced accordingly.

Defendant first contends that the conviction and sentence in the Jackson County case must be vacated and remanded because the record does not reflect a written waiver of his right to a jury trial. As noted, the state concedes the point, and we accept the concession. *State v. Lemon*, 162 Or App 640, 986 P2d 705 (1999).

Defendant next contends that the trial court erred in denying his motion to suppress in the Jackson County case. He reasserts that Jenista lacked a lawful basis to stop him at the point that Jenista asked him to raise his hands and submit to the seizure of the knife. The state reasserts that officer safety concerns justified the seizure of the knife, which then led to the discovery of the other evidence.

In reviewing a trial court's decision on a motion to suppress, we are bound by the court's factual findings if there is evidence in the record to support them. *State v. Stroup*, 147 Or App 118, 120, 935 P2d 438 (1997). When the trial court has made no factual findings, we presume that the court found the facts in a manner that is consistent with its ultimate conclusion. *State v. Ready*, 148 Or App 149, 153-54, 939 P2d 117, *rev den*, 326 Or 68 (1997). The court's legal conclusions we review for errors of law. *State v. Sopiwnik*, 176 Or App 127, 129, 30 P3d 430 (2001).

An officer may conduct a search during the course of a lawful encounter with a citizen if the officer develops "reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or to others then present." *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987). In this case, when Jenista approached defendant and asked whether he had any weapons, he engaged in "mere conversation," that is, a lawful police encounter. *State v. Caron*, 153 Or App 507, 513, 958 P2d 845 (1998). Thus, the issue before us is whether the trial court correctly concluded that, upon hearing defendant's answer that he possessed a knife and upon seeing defendant reach for the knife, Jenista had a reasonable basis to suspect that defendant might pose an immediate threat.

We conclude that the trial court was correct. Jenista testified that, considering defendant's unexpected move for the knife, defendant's proximity, and the lateness of the hour, he was immediately concerned for his safety. We have held in similar circumstances that such a concern is reasonable. In *State v. Gilkey/White*, 172 Or App 95, 18 P3d 402 (2001), for example, an officer approached a car in which the occupants had been drinking. The officer asked for identification and, after a records check, learned that there was an outstanding warrant for one of the occupants. After arresting that person, the officer asked the others to step out of the car so that the officer could conduct a search of the area where the arrestee had been sitting. At that point, the defendant reached into his left front pants pocket. A back-up officer saw the move and yelled. The arresting officer grabbed the defendant's hand and removed a knife and what turned out to be a container of methamphetamine. The defendant moved to suppress the evidence of the methamphetamine on the ground that the officer had no basis to grab his hand. We upheld the denial of the motion on the ground that the officer reasonably suspected that the defendant, in putting his hand in his pocket in those circumstances, was reaching for a weapon. *Id.* at 100. In this case, after telling Jenista that he possessed a knife, defendant put his hand in his pocket to reach for it. Jenista testified that defendant's move was unusual and immediately dangerous. That is sufficient to establish the reasonableness of his suspicion.

Defendant argues that, even if Jenista had a basis to seize the knife, he lacked a basis for seizing the bag. Defendant's argument in that regard depends on an assumption that, contrary to Jenista's testimony, the officer could have retrieved the knife without also retrieving the bag. That reading of the evidence is inconsistent with our standard of review, which requires that we assume that the trial court made findings that were consistent with its ultimate conclusion. *Ready*, 148 Or App at 153-54. We therefore conclude that the trial court did not err in denying the motion to suppress in the Jackson County case.

That leaves the denial of the motion to suppress in the Josephine County cases. Defendant argues that the trial court erred because there was no basis for giving preclusive effect to the pretrial ruling in the Jackson County case. According to defendant, the trial had not yet taken place in the Jackson County case, and, at the time of the hearing on the motion in the Josephine County cases, he had intended to seek a rehearing on the denial of his motion. Thus, defendant contends, there was no "final" decision that could have been given preclusive effect. The state acknowledges that there is no authority for the proposition that a pretrial decision can have preclusive effect. It further acknowledges that defendant could have sought rehearing on the denial of the motion in the Jackson County case. The state nevertheless suggests that the earlier decision should be given preclusive effect. Citing *Ron Tonkin Gran Tourismo v. Wakehouse Motors*, 46 Or App 199, 207, 611 P2d 658, *rev den*, 289 Or 373 (1980), the state argues that, if the pendency of an appeal does not deprive a prior decision of preclusive effect, the possibility of a rehearing should not either.

Issue preclusion exists "when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). An essential prerequisite is that there have been a "final determination," that is, that an issue "was actually litigated and was essential to a final decision on the merits in the prior proceeding." *Id.* at 104. A "final decision" refers to a final judgment that concludes the proceeding. As the Supreme Court explained in

*North Clackamas School Dist. v. White*, 305 Or 48, 53, 750 P2d 485 (1988), the rule of issue preclusion is that

> "[i]f a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment."

*See also Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (issue preclusion applies where "there is an opportunity to litigate the question along the road to the final determination of the action or proceeding"); *State Farm Fire & Cas. v. Reuter*, 299 Or 155, 158, 700 P2d 236 (1985) (issue preclusion applies "[i]f a person has had a full and fair opportunity to litigate a claim to final judgment"); *Roth v. Garner*, 157 Or App 400, 404, 970 P2d 675 (1998) (issue preclusion applies when a claim has been litigated "to final judgment").

Our decision in *Ron Tonkin Gran Tourismo* is not to the contrary. In that case, a federal court entered final judgment on various claims in favor of the defendants. The plaintiffs in the federal court action appealed to the Ninth Circuit. Meanwhile, the same plaintiffs brought an action in state court on some of the same claims. The defendants argued that the action was barred by both claim and issue preclusion. The plaintiffs argued that the federal court judgment was not entitled to preclusive effect because of the pendency of the appeal. We held only that the pendency of the appeal did not prevent the trial court *judgment* in the federal court case from having preclusive effect. 46 Or App at 207-08.

In this case, at the time the motions to suppress were heard in the Josephine County cases, the trial in the Jackson County case had not yet occurred. There certainly had been no final judgment entered in that proceeding. Thus, it was error to give preclusive effect to the pretrial decision in the Jackson County case at that time.

The state argues that, even if that is so, our decision in this case produces a final decision as to the merits of defendant's motion to suppress in the Jackson County case. The state misses the point. There is no final judgment in the Jackson County case. Our decision in this case reverses the judgment and remands for a new trial. Thus, regardless of

our decision on the merits of the suppression motion, there still is no final judgment in the Jackson County case to which the disposition of defendant's suppression motion was an essential part. We therefore conclude that the trial court in the Josephine County cases erred in giving preclusive effect to the ruling on defendant's pretrial motion to suppress in the Jackson County case.

■ The state insists that, even if the trial court erred in giving preclusive effect to the Jackson County case, the trial court was right for the wrong reason; that is, the court was correct in denying the motion to suppress for the same reasons that we upheld the denial of the motion to suppress in the Jackson County case. The state forgets, however, that there was no opportunity to develop a factual record in the Josephine County cases. The trial court took no testimony and heard no evidence, ruling on the sole ground that the Jackson County ruling had preclusive effect. Thus, the predicates for application of the "right for the wrong reason" rule—that the record has been adequately developed and no prejudice can be shown—are missing in this case. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001).

A109960 and A109961 vacated and remanded; A110305 reversed and remanded for new trial.