Argued and submitted December 21, 2001, reversed and remanded
December 11, 2002

# STATE OF OREGON,
## *Appellant,*

*v.*

# FRANK BURGHOLZER,
## *Respondent.*

## C0002-30949; A112648

59 P3d 582

Ann Kelley, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for respondent. With her on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Kistler, Judge.

DEITS, C. J.

---

* Deits, C. J., *vice* Armstrong, J.

**DEITS, C. J.**

The state appeals from an order suppressing evidence of methamphetamine found by a police officer during the course of a traffic stop. The state contends that the trial court erred because the evidence was admissible under the search incident to arrest exception to the warrant requirement. We review for errors of law and reverse and remand.

The facts are not in dispute. On February 17, 2000, Officer Durbin stopped defendant for speeding. Upon approaching defendant's vehicle, Durbin noticed that defendant was acting strangely. According to Durbin, defendant appeared to be in "fast-forward." His movements were spastic and jerky and he could not sit still. Additionally, his pupils were extremely dilated and he repeatedly licked his lips. Durbin asked defendant if he had a medical problem. He replied that he was fine. Durbin then asked defendant for his driver's license, registration, and proof of insurance, but defendant had only an identification card, and he admitted to the officer that his license had been suspended. The officer radioed for a tow truck to impound defendant's vehicle because of the suspended license.

Based on defendant's erratic behavior during the stop, Durbin suspected that defendant was under the influence of drugs, or, more specifically, a central nervous system stimulant. Durbin asked defendant to perform some field sobriety tests. Defendant agreed and performed poorly on the tests. Durbin concluded that he had probable cause to arrest defendant for driving under the influence of a controlled substance.[1] Durbin asked defendant whether he had used any drugs, such as methamphetamine, recently. Defendant denied any drug use. The officer then asked defendant for permission to search his vehicle. Defendant refused. Durbin subsequently arrested defendant for driving under the influence of a controlled substance, read him his *Miranda* rights,

---

[1] ORS 813.010(1) creates a single offense "driving while under the influence of intoxicants." A driver commits that offense by driving under the influence of either alcohol, ORS 813.010(1)(a) or (b), a controlled substance, ORS 813.010(1)(b), or both, ORS 813.010(1)(c). Although "driving under the influence of alcohol" and "driving under the influence of a controlled substance" are not strictly statutory terms, we use those terms for ease of reference throughout this opinion.

and had another officer place him in a nearby police car. Durbin immediately returned to defendant's vehicle to search for evidence of drugs or drug use.

Durbin testified regarding the search:

"I went over to his vehicle, began searching and when I initially contacted [defendant], he was smoking a cigarette. He put that cigarette out in the ashtray of his truck and the ashtray must have had 20, 30 cigarette butts in it.

"I retrieved the butt that he had been smoking. It had a Maverick around the filter, dark colored edge of it, and between the passenger seat and the center console of this Blazer is a transmission hump, [and t]here is a package of Maverick cigarettes.

"It's extremely common for people to hide drugs that they use in their cigarette packages. I've found drugs there hundreds of times. I opened the pack and in with the couple of cigarettes that were in the pack was also a clear zipper lock baggie."

Durbin further testified that the baggie that he found contained a substance that appeared to be either methamphetamine or cocaine. It was later identified as methamphetamine. Defendant was charged with possession of a controlled substance as well as driving under the influence of a controlled substance.

Before the trial court, defendant moved to suppress the methamphetamine found during the search of his vehicle. He argued that Durbin lacked probable cause to arrest him for driving under the influence or, alternatively, if there were probable cause for the arrest, that Durbin exceeded the lawful scope of a search incident to arrest when he opened the cigarette package. The trial court concluded that Durbin had probable cause to arrest defendant for driving under the influence of a controlled substance but that Oregon case law prevented the police from opening "closed containers for which there is no probable cause to believe that they contain evidence." The court explained its holding:

"There was no independent probable cause to justify opening the cigarette package. The officer had no objective information that suggested the package contained evidence of the crime for which defendant was arrested. The officer

simply opened it as part of his routine because he has found drugs that way 'hundreds of times.' He subjectively thought the package might contain incriminating evidence. But there was nothing apart from the context of the arrest situation that separately and objectively supported opening the package."

The trial court granted the motion to suppress on that basis, and the state appeals.

On appeal, both parties agree that Durbin made a lawful traffic stop and that, during the stop, he developed probable cause to arrest defendant for driving under the influence of a controlled substance. The question at issue here is whether Durbin's search of defendant's vehicle, including the opening of the cigarette package, was justified as a search incident to arrest.

■ Under Article I, section 9, of the Oregon Constitution there are three valid justifications for a search incident to a lawful arrest: (1) to protect the officer's safety; (2) to prevent the destruction of evidence; and (3) to discover evidence relevant to the crime for which the defendant is being arrested. *State v. Hoskinson*, 320 Or 83, 86, 879 P2d 180 (1994). The state contends that the search incident to arrest in this case was permissible to discover evidence of the crime for which defendant was arrested, namely, driving under the influence of a controlled substance. Consequently, the state asserts that the trial court erred in not admitting the evidence on that basis.

■ In *State v. Crampton*, 176 Or App 62, 31 P3d 430 (2001), we articulated the considerations that are pertinent when determining if a search may be justified as a search incident to arrest. We explained:

"[A] police officer who, while investigating a crime, develops probable cause to believe that another crime has been committed may conduct a search for evidence that is relevant to the latter crime and that reasonably could be concealed on the arrestee's person or in the belongings in his or her immediate possession at the time of the arrest."

*Crampton*, 176 Or App at 72. Oregon case law clearly establishes that a search incident to arrest may not be an exploratory search of everything in an arrestee's immediate possession. *State v. Owens*, 302 Or 196, 204, 729 P2d 524 (1986). Rather, the particular circumstances must be examined to determine whether the search was reasonable in time, scope, and intensity. *Crampton*, 176 Or App at 74.

Defendant argues that the search that occurred here cannot be justified as a search incident to arrest because, under the circumstances, it was too broad in its scope and intensity. Defendant asserts that Durbin's actions here constituted an unreasonable "exploring and rummaging." More specifically, defendant argues that the officer's generalized and subjective belief that drugs are often found in cigarette packs does not justify opening the cigarette package in this case. Defendant's position is essentially that the trial court's ruling on this issue was correct—that, in order to justify the opening of the cigarette package, Durbin must have had knowledge specific to this defendant and this encounter that the cigarette package contained drugs. In other words, in defendant's view, there must be probable cause to believe that drugs will be found in the place or container to be searched.

We do not agree that the search of a particular place, or the opening of a container, during a search incident to a lawful arrest must be supported by probable cause. Rather, as discussed above, once an officer has probable cause to support the arrest, the proper inquiry is the *reasonableness* of the time, scope, and intensity of the search for evidence of the crime for which the defendant is being arrested. In this case, Durbin arrested defendant for driving under the influence of a controlled substance. He testified that, from the time that defendant was arrested and placed into a police car until the time that he began the search, less than a minute elapsed. In other words, the search occurred immediately after defendant's arrest. Consequently, the search was reasonable in time.

With regard to the scope and intensity of the search, we also conclude that the search was reasonable. The search occurred in the interior of defendant's vehicle, which he had

been driving immediately before the arrest. Durbin testified that he began the search in the vehicle's ashtray because defendant had been smoking a cigarette during the stop. He identified the brand of the cigarette defendant had been smoking and then found a cigarette package of the same brand on the transmission hump, between the driver's seat and the center console of the vehicle. The pack was plainly within defendant's immediate possession shortly before the arrest and, consequently, could be said to have been intimately associated with defendant at the time of his arrest. *See also State v. Fesler*, 68 Or App 609, 613-14, 685 P2d 1014, *rev den*, 297 Or 547 (1984) (search of the defendant's vehicle while he was handcuffed and in a patrol car was not so attenuated in space as to invalidate the search).

■ Defendant argues that Durbin's opening of the cigarette package exceeded the permissible scope and intensity of a search incident to arrest under these circumstances. A search incident to arrest may include an examination of closed containers found on or immediately associated with the arrestee, again, depending on the particular circumstances. *See State v. Caraher*, 293 Or 741, 759, 653 P2d 942 (1982) (under the circumstances the warrantless search of the defendant's purse was justified as a search incident to arrest). In *Owens*, the Supreme Court explained:

> "As long as the search is for evidence of the crime for which the arrest was made, and such evidence reasonably could be concealed on the arrestee's person or in the belongings in his or her immediate possession at the time of the arrest, no 'container rule' blocks the intensity of the incidental search."

302 Or at 201; *see also Crampton*, 176 Or App at 73-74 (upholding search of closed containers in the defendant's vehicle because the officer had probable cause to believe that the defendant had committed the crimes of driving under the influence of a controlled substance and unlawful possession of a weapon, the defendant had indicated that he might have additional weapons in the vehicle, and the containers searched were the types of containers in which weapons or drugs were likely to be found); *State v. Augard*, 122 Or App 485, 489-90, 858 P2d 463 (1993) (holding that search of a

closed glove compartment was justified because the officer sought evidence related to the defendant's arrest for driving under the influence of alcohol and evidence of intoxication could have been found in the glove compartment).

This case is distinguishable from *State v. Martin*, 124 Or App 459, 863 P2d 1276 (1993), on which defendant relies. In *Martin*, the officer searched a Dristan tin for evidence relating to the defendant's arrest for driving under the influence of alcohol. In that case, we concluded that the evidence from the Dristan tin should have been suppressed because the "Dristan tin could not reasonably be expected to contain evidence of the crime prompting the arrest [driving under the influence of alcohol]." *Martin*, 124 Or App at 465. In contrast, here, the arrest was for driving under the influence of a controlled substance, and the cigarette package was a place where evidence of that crime could have been concealed. As Durbin testified, he had found controlled substances in cigarette packages "hundreds of times." We conclude that Durbin's opening of the cigarette package was reasonable in time, scope, and intensity under the circumstances of this case. Accordingly, we hold that the trial court erred in granting defendant's motion to suppress.

Reversed and remanded.