Submitted on record and briefs October 17, 2002, affirmed April 24, 2003

# STATE OF OREGON,
*Respondent,*

*v.*

# DALE EDWIN CLEW,
*Appellant.*

## C9911-38562; A110170

67 P3d 420

David E. Groom, Acting Executive Director, Office of Public Defense Services, and James N. Varner, Deputy Public Defender, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Holly A. Vance, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendant appeals a judgment of conviction for distribution of a controlled substance. ORS 475.992(1). He contends that the trial court erred in denying his motion to suppress evidence of marijuana found during a traffic stop. We affirm.

The trial court made the following findings of fact, which are not in dispute. Portland Police Officer Steinbronn stopped defendant for a traffic infraction. He asked defendant for his driver's license, and defendant complied. After running an identification check, Steinbronn learned that defendant's license had been suspended. He returned to the vehicle intending to impound it and asked defendant to step out onto the sidewalk. When defendant did so, the officer noticed a knife approximately ten inches long in a sheath on defendant's belt. Steinbronn asked defendant whether he possessed any other weapons. Defendant appeared fidgety and did not respond directly. Instead, he said something vague as he reached into his pocket. Steinbronn, concerned for his immediate safety, told defendant that he needed to conduct a patdown to check for other weapons.

In conducting the external patdown, Steinbronn felt a pipe in defendant's front pants pocket and a plastic bag containing a large quantity of a leafy substance in defendant's front jacket pocket. He also smelled a strong odor of marijuana emanating from defendant. Based on the odor and his extensive experience with identifying marijuana pipes, Steinbronn believed that the bag contained marijuana and that the pipe in defendant's pocket was a marijuana pipe. He reached into each of the pockets and removed both the pipe and the plastic bag, which contained marijuana.

The bag appeared to Steinbronn to contain more than an ounce of marijuana, so he arrested defendant for possession of a controlled substance. He conducted a more thorough search of defendant and found a hand-held scale commonly used for weighing controlled substances. Steinbronn searched the vehicle, as well. Next to the seat where defendant had been sitting he found approximately 100 plastic

bags commonly used for packaging marijuana and a back-pack, from which there emanated the odor of marijuana. Steinbronn opened the backpack and found additional marijuana.

Before trial, defendant moved to suppress the marijuana found during the search of his person and of the back-pack. He argued that Steinbronn lacked authority to engage in the initial patdown that led the officer to conclude that defendant possessed marijuana. He also argued that, even if there was a basis for the patdown, there was no lawful justification for seizing the pipe and marijuana from his pockets and likewise no justification for searching the vehicle and opening the backpack. The state argued that officer safety concerns justified the initial patdown and that the search of defendant's pockets was justified as a search incident to arrest. As for the search of the vehicle and the backpack, the state argued that both were justified either as an inventory in preparation for towing the vehicle or as a further search incident to arrest.

The trial court, after making detailed findings of fact, denied defendant's motion, reasoning as follows:

"I am concluding that the initial stop was valid and lawful because the officer had observed a traffic infraction while in his presence. I am finding that when he learned that the defendant's license was suspended, he was entitled to have the defendant step from the vehicle to advise him about the issuance of the citation, which he then proceeded to do.

"During the course of having him step from the vehicle, [Steinbronn] observed the large knife on the defendant's belt. And when he asked the defendant whether he had any other weapons, and the defendant's answer was vague. * * *

"* * * * *

"I find that it was also appropriate to pat the defendant down because when the defendant did not directly answer the question whether he had other weapons, he simultaneously was reaching into his pocket.

"That motion, coupled with the fidgety behavior and the vague responses and the 10-inch knife, counting the blade

and the handle, was, in my opinion, sufficient to justify a patdown as the officer issued a citation to the defendant."

As to the search of the vehicle and the backpack, the court concluded:

"I am finding that the tow itself would not have justified inventorying the contents of the vehicle. That doesn't, however, end the question. The question then becomes whether under the case law the search of the vehicle and the backpack adjacent to the defendant was lawful as incident to the defendant's arrest * * *.

"* * * * *

"In this case, however, the defendant was already in custody for possessing marijuana. The backpack is immediately adjacent to him in the very vehicle from which he has been removed. The backpack itself smells of marijuana. * * * [T]he officers clearly have the right to search that area, incident to the defendant's arrest."

On appeal, defendant argues that the trial court erred in denying his motion to suppress. He contends that: (1) the initial patdown was unlawful because Steinbronn lacked any reason to be concerned for his safety; (2) even if Steinbronn was justified in engaging in the patdown for weapons, the officer lacked any justification for removing the pipe and the bag from defendant's pockets, as neither was a weapon; and (3) even if Steinbronn was justified in searching defendant's pockets, he lacked any justification for searching the vehicle and the backpack.

■     We begin with the initial patdown, which the trial court found was justified by Steinbronn's reasonable concerns for his immediate safety. A police officer may frisk an individual for weapons if he or she reasonably suspects that the individual poses a risk of immediate danger:

" '[A]n officer [may] take reasonable steps to protect himself or others if, during the course of a lawful encounter with a citizen, the officer develops a reasonable suspicion, based upon specific and articulable facts, that the citizen might pose an immediate threat of serious physical injury to the officer or to others then present.' "

*State v. Bridgeman*, 173 Or App 37, 43, 23 P3d 370 (2001) (quoting *State v. Bates*, 304 Or 519, 524, 747 P2d 991 (1987)).

■        In this case, defendant does not dispute that Steinbronn subjectively believed him to be armed and immediately dangerous. He contends that Steinbronn's belief was not reasonable. The state argues that the trial court correctly concluded that defendant's possession of the large knife, his nervous and fidgety demeanor, his vague and nonresponsive answer to the question whether he possessed additional weapons, and his simultaneous movement towards his pocket made Steinbronn reasonably fear that defendant might pose an immediate threat to his safety. We agree with the state. *See State v. Stephens*, 184 Or App 556, 561, 56 P3d 950 (2002), *rev den*, 335 Or 195 (2003) (officer was justified in frisking for weapons when the defendant, who was in close proximity to the officer, said that he had a knife in his pocket and simultaneously reached for the pocket); *State v. Gilkey / White*, 172 Or App 95, 100, 18 P3d 402 (2001) (when the defendant turned away from officers and slowly reached into his pants pocket during a drug-related stop, frisking the defendant was justified on officer safety grounds); *State v. Campbell*, 166 Or App 31, 35, 999 P2d 466 (2000) (the defendant's demeanor, his admission that he possessed a knife, and the fact that he reached into his pocket justified a frisk for weapons).

■        We turn, then, to the question whether Steinbronn was authorized to seize the pipe and bag of marijuana. Defendant argues that, because the officer was engaging in a patdown for weapons, Steinbronn was authorized to seize only weapons. The state argues that the marijuana and the pipe found in the course of the patdown provided probable cause to arrest defendant for possession of a controlled substance and that the seizure of those items was therefore justified. Again, we agree with the state. In *State v. Owens*, 302 Or 196, 202-03, 729 P2d 524 (1986), the Supreme Court held that

"[w]hen an officer has probable cause to believe that an object he has lawfully discovered is contraband and, therefore, that a crime is being committed in his presence, he has the right to seize it."

In this case, during a lawful patdown, Steinbronn discovered what his training and experience led him to believe was a marijuana pipe and bag containing a large quantity of marijuana. Defendant does not argue on appeal that Steinbronn lacked probable cause to reach those conclusions. The trial court therefore correctly concluded that the officer was authorized to seize both items.

There remains the question whether Steinbronn was authorized to search the vehicle and the backpack incident to defendant's arrest. Defendant argues that the officer's actions cannot be justified as a search incident to arrest because the officer searched the vehicle to inventory its contents in preparation for a tow, not to locate additional evidence of the crime for which he was being arrested. Defendant also makes passing reference to the scope of the search incident to arrest, apparently suggesting that Steinbronn's search of the vehicle and the backpack exceeded the permissible scope of such a search. The state responds that defendant failed to argue to the trial court that the search of the vehicle and its contents could not be justified as incident to his arrest and that, in any event, the search was lawful.

We agree with the state that defendant did not argue to the trial court that, because Steinbronn intended only to inventory the vehicle in preparation for a tow, the search of the vehicle and its contents could not be justified as a search incident to his arrest. Defendant argued only that the search exceeded the permissible scope of a search incident to arrest. That is the only argument that has been preserved for appeal. *See State v. Isom*, 313 Or 391, 406, 837 P2d 491 (1992) ("An objection on one ground is not sufficient to preserve some other objection.").

■ A search incident to arrest must be "reasonable in time, scope, and intensity." *State v. Burgholzer*, 185 Or App 254, 259, 59 P3d 582 (2002). In this case, Steinbronn searched the vehicle immediately following defendant's arrest and focused on the interior where defendant had been sitting. The backpack, in fact, was found next to the seat where defendant had been sitting in the vehicle and was the type of container in which marijuana could be found, particularly in light of the strong odor of marijuana emanating

from it. *See id*. at 260-61 (search of closed cigarette package incident to arrest for driving under the influence of a controlled substance was reasonable in scope and intensity because the package was found near the defendant and because it was the type of container that could contain evidence of a controlled substance). The trial court therefore correctly concluded that Steinbronn was authorized to search the vehicle and the contents of the backpack.

Affirmed.