118 November 15, 2023 No. 589

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERIC THOMAS STEVENS,
*Defendant-Appellant.*

Washington County Circuit Court
19CR33850; A176619

Theodore E. Sims, Judge.

Argued and submitted April 24, 2023.

Brett J. Allin, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Portions of the judgment ordering defendant to pay a "$40.00 community service fee" and a "supervision fee" reversed; otherwise affirmed.

**ORTEGA, P. J.**

Defendant appeals from a judgment convicting him of unlawful possession of cocaine, ORS 475.884, and driving under the influence of intoxicants (DUII), ORS 813.010. In his first assignment of error, he challenges the trial court's denial of his motion to suppress evidence found during a search of his car incident to his arrest for DUII. Defendant acknowledges that *State v. Krause*, 281 Or App 143, 383 P3d 307 (2016), *rev den*, 360 Or 752 (2017), is contrary to his position but contends that *Krause* is plainly wrong and should be overruled. In his second and third assignments of error, defendant challenges the imposition of two fees that appeared for the first time in the written judgment. In response, the state argues that defendant failed to preserve his argument in support of his first claim of error and that *Krause* is not plainly wrong, and it concedes that the trial court erred in imposing the two fees in the judgment that were not announced in open court.

As to defendant's first assignment of error, we assume without deciding that his argument is preserved and conclude that he has not met his burden to establish that *Krause* is plainly wrong. We therefore reject that assignment of error. As to defendant's second and third assignments of error, we accept the state's concession that the trial court erred in imposing the fees, because the record shows that the trial court intended to waive all other fees aside from those announced at sentencing. *See State v. Sankey*, 289 Or App 846, 847, 409 P3d 73 (2018) (accepting the state's concession and reversing financial penalties that were imposed for the first time in the judgment where the record was clear that the court intended to waive them). Accordingly, we reverse the portions of the judgment imposing those fees and otherwise affirm.

We review a trial court's denial of a motion to suppress for legal error and are bound by the court's explicit and implicit factual findings if evidence in the record supports them. *State v. Keck*, 328 Or App 296, 298, 537 P3d 163 (2023). The relevant facts are few and undisputed. An officer stopped defendant around 1:30 a.m. to investigate traffic violations. The officer observed signs that defendant

was impaired by alcohol and saw fresh marijuana and paraphernalia in the car. The officer asked for and received defendant's consent to perform field sobriety tests (FSTs). Defendant got out of his car and performed the FSTs near the front of the officer's patrol car. The officer then arrested defendant for DUII, handcuffed him, and placed him in the back of the patrol car. Within minutes of defendant's arrest, officers searched his car for evidence related to DUII—specifically, alcohol and marijuana—and discovered a container of cocaine.

Defendant filed a motion to suppress evidence seized during the traffic stop. At the suppression hearing, defendant argued that the search of his car was not justified incident to his arrest for DUII because the search was not reasonable in time, scope, and intensity. Specifically, defendant argued that it was not reasonable to search his car for evidence of drugs because the probable cause to arrest him for DUII was based on alcohol impairment.

The trial court denied defendant's motion. The court determined that the officer developed probable cause to arrest defendant for DUII after he completed the FSTs and that the search of defendant's car for evidence of alcohol and marijuana was justified as a search incident to that arrest. On appeal, defendant assigns error to that ruling.

We begin with the relevant legal principles. Article I, section 9, of the Oregon Constitution guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure." "[A] search or seizure conducted without a warrant is *per se* unreasonable, unless that search or seizure falls within one of the specifically established and well delineated exceptions to the warrant requirement." *State v. Fulmer*, 366 Or 224, 230, 460 P3d 486 (2020) (internal quotation marks and citation omitted). One such exception is a search incident to arrest, which must relate to a crime that there is probable cause to believe the arrestee has committed, and it must be reasonable in scope, time, and intensity. *State v. Owens*, 302 Or 196, 204-05, 729 P2d 524 (1986); *State v. Caraher*, 293 Or 741, 758-60, 653 P2d 942 (1982). "A warrantless search incident to arrest can be made for any of three purposes: (1) to

protect a police officer's safety; (2) to prevent the destruction of evidence; or (3) to discover evidence of the crime of arrest." *State v. Mazzola*, 356 Or 804, 811, 345 P3d 424 (2015) (citing *State v. Hoskinson*, 320 Or 83, 86, 879 P2d 180 (1994)).

In *Krause*, we explained that only "[t]he first two of those purposes underlying the exception to the warrant requirement relate, in some ways, to exigency," but that "the same is not true of the third basis for a search incident to arrest" (*i.e.*, to discover evidence of the crime of arrest). 281 Or App at 146. In that case, a police officer discovered marijuana during an inventory of the defendant's car, and the officer arrested the defendant for possession of marijuana within 1,000 feet of a school. *Id.* at 144. The officer then searched a closed container found in the defendant's car and found additional controlled substances. *Id.*

On appeal, the defendant argued that the officer's warrantless search of her car was not a valid search incident to arrest because she was already out of the car when the officer developed probable cause to arrest her and therefore no longer had control over the closed container. *Id.* at 145. Reviewing our prior cases on searches incident to arrest, we disagreed and explained that a search to discover evidence of the crime of arrest "may be justified even if the defendant has been removed from the area in which the officer believes that evidence may be located." *Id.* at 146-48 (discussing *State v. Washington*, 265 Or App 532, 335 P3d 877 (2014), *State v. Clew*, 187 Or App 322, 67 P3d 420 (2003), *State v. Burgholzer*, 185 Or App 254, 59 P3d 582 (2002), and *State v. Augard*, 122 Or App 485, 858 P2d 463 (1993)). We held that a search incident to arrest conducted for the purpose of discovering evidence of the crime of arrest "will comport with Article I, section 9, even though the defendant no longer has control over the area searched, as long as the evidence reasonably could be found in that area and the search is otherwise reasonable in time, scope, and intensity." *Id.* Under the circumstances of that case, we concluded that the search of the closed container found in the defendant's car was reasonable in time, scope, and intensity because the search occurred immediately after the officer developed probable cause for

the defendant's arrest, and the defendant had exited the car only shortly before that occurred. *Id.* at 149.

In dissent, Judge Egan disagreed with the majority's conclusion that a search incident to arrest to discover evidence of the crime of arrest is not based on exigency. *Id.* at 151 (Egan, J., dissenting). The dissent reasoned that "[e]xigency is the backbone of the search-incident-to-arrest exception to the warrant requirement," and that the court should therefore not take a "categorical approach" but instead "consider the individual circumstances of each case prior to determining whether the police may search the interior of a vehicle, and any closed containers within it, upon the arrest of a driver." *Id.* at 151-52 (Egan, J., dissenting). In the dissent's view, "[t]he implication of the majority's view that exigency is not necessary to justify a search incident to arrest to obtain evidence of the crime of arrest is that, once such a search commences, the presumption that a warrant is required is lifted and the search effectively has no limits," reducing the warrant requirement of Article I, section 9, "to a nullity." *Id.* at 153 (Egan, J., dissenting).

Returning to the parties' arguments in this case, defendant contends that *Krause* is plainly wrong because, in his view, it construed and applied the exception to the Article I, section 9, warrant requirement for a search incident to arrest beyond the scope of its animating purpose: exigency. In defendant's view, exigency animates all three purposes for which a lawful search incident to arrest may be conducted and a search incident to arrest to discover evidence of the crime of arrest must therefore be limited to evidence that reasonably could be concealed on the arrestee's person or in the belongings in their immediate possession at the time of the arrest. That is so, defendant contends, because the warrant exception does not apply when the search can be delayed to obtain a warrant.

Defendant first argues that *Krause* was incorrectly decided under then-existing case law. Defendant points to *Mazzola*, where the Supreme Court characterized the search incident to arrest doctrine as one that "exists because '[a]n arrest *** creates a type of exigency justifying a warrantless search of the arrested person,'" 356 Or at 812 (quoting

*State v. Milligan*, 304 Or 659, 669, 748 P2d 130 (1988)), and explained that "where a warrantless search for evidence of the crime of DUII is supported by probable cause to arrest the defendant, the issue of exigency should be assessed in light of the reasonableness of the search in time, scope, and intensity." *Id.* at 819-20. Defendant also argues that *Krause* cannot be reconciled with subsequent Supreme Court decisions in *Fulmer* and *State v. McCarthy*, 369 Or 129, 501 P3d 478 (2021), "which have proven its central assumption to be erroneous," *viz.*, "that a search incident to arrest for evidence of a crime can be untethered from the exigency rationale." In defendant's view, "[i]n light of *Fulmer* and *McCarthy*, we now know that warrant exceptions must be strictly limited to their animating purposes, and the Supreme Court's repudiation of the automobile exception [in *McCarthy*] urges a refocusing of the search-incident-to-arrest exception on its animating exigency rationale."

The state responds, first, that defendant failed to preserve the argument he advances on appeal because it is qualitatively different than the argument that he made to the trial court and the purposes of preservation have not been served in this case. The state further contends that, in any event, *Krause* is not plainly wrong. In the state's view, the text and history of Article I, section 9, and early Supreme Court case law establish that the rationale underlying a search incident to arrest to discover evidence of the crime of arrest is not exigency but instead "the general idea" that such searches "are not 'unreasonable.'" The state points to *Owens* and *Caraher*, which upheld searches incident to arrest for evidence relevant to the crime of arrest that were "reasonable" in the totality of the circumstances. *See Owens*, 302 Or at 202 (explaining that a search incident to arrest of "personal 'effects,' found on or immediately associated with the arrestee" is permitted "when it is reasonable to believe that evidence of a crime for which the person was arrested could be concealed there," and that "[t]he test is the reasonableness of the search in light of the circumstances of the particular case"); *Caraher*, 293 Or at 759 (explaining that a search incident to arrest for evidence of the crime of arrest is permitted "so long as it is reasonable in light of all the facts").

Assuming without deciding that defendant's argument is preserved, we conclude that he has not met his burden to establish that *Krause* is plainly wrong.

The "plainly wrong" standard is a "rigorous standard grounded in presumptive fidelity to *stare decisis*." *State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017). Accordingly, we begin with "the assumption that our prior cases were decided correctly, and the party urging us to abandon precedent must affirmatively persuade us to the contrary that a decision is plainly wrong." *State v. McKnight*, 293 Or App 274, 278-79, 426 P3d 669, *rev den*, 363 Or 817 (2018) (internal quotation marks and citation omitted). Further, where a party is relying on subsequent case law from a higher court for its argument that a case is plainly wrong, "[i]t must 'plainly be the case' that subsequent Supreme Court decisions undercut the validity of prior Court of Appeals decisions before we will overrule our precedents." *State v. Woods*, 317 Or App 506, 513, 505 P3d 432, *rev den*, 370 Or 198 (2022) (quoting *State ex rel Maney v. Hsu*, 308 Or App 822, 827, 482 P3d 136, *rev den*, 368 Or 273 (2021)). Whether one of our cases remains good law in light of a subsequent Supreme Court decision turns on "whether the Supreme Court's decision overrules our prior holding and, if it does not, whether the court's analysis demonstrates that our prior decision is 'plainly wrong,' such that we should overrule it ourselves." *Id.* (internal quotation marks, citation, and brackets omitted).

Applying that standard, we are not persuaded that *Krause* is plainly wrong, either under then-existing case law or in light of subsequent Supreme Court decisions. "[T]o be 'plainly wrong' a holding must first be wrong," not simply one about which reasonable minds can disagree. *Civil*, 283 Or App at 406, 415; *see also Farmers Ins. Co. v. Mowry*, 350 Or 686, 698, 261 P3d 1 (2011) ("We will not depart from established precedent simply because the personal policy preferences of members of the court may differ from those of our predecessors who decided the earlier case." (Internal quotation marks, citation, and brackets omitted)). The parties' arguments in this case demonstrate the tension that exists in Supreme Court case law characterizing

the underlying rationale of the search incident to arrest doctrine as one based on reasonableness in light of all the facts or one grounded solely in exigency. That tension is also evident in the fractured decision in *Krause*. But defendant has not established that *Krause* is plainly contrary to controlling Supreme Court precedent, and defendant largely echoes the dissent in *Krause*, which the majority necessarily considered and rejected. Further, defendant's contention that the reasoning in *Fulmer* and *McCarthy* casts doubt on *Krause* depends on the premise, which *Krause* considered and rejected, that all three purposes of a search incident to arrest are grounded in exigency. Accordingly, the court's analysis in those cases does not persuade us that our holding in *Krause* is plainly wrong. Finally, because *Fulmer* and *McCarthy* involved different warrant exceptions, neither case overruled our holding in *Krause* regarding the search incident to arrest exception. *See McCarthy*, 369 Or at 131-32 (automobile exception); *Fulmer*, 366 Or at 226 (inventory exception). We therefore reject defendant's first assignment of error.

Portions of the judgment ordering defendant to pay a "$40.00 community service fee" and a "supervision fee" reversed; otherwise affirmed.